James F. Rodgers, Plaintiff in Error, *v.* The People of the State of New York, Defendant in Error.

The chamber of a guest at an inn is not his dwelling-house, but that of the landlord.

Where, therefore, an indictment charged the accused with an attempt to burglariously break into and enter the dwelling-house of S., and it appeared upon the trial that the attempt was to break into a chamber in a hotel assigned to and occupied by S. as a guest, *held*, that the indictment was fatally defective.

(Argued June 22, 1881 ; decided October 11, 1881.)

Error to the General Term of the Supreme Court, in the first judicial department, to review judgment entered upon an order made April 2, 1881, which affirmed a judgment of the Court of General Sessions in and for the city and county of New York, entered upon a verdict convicting plaintiff in error of an attempt to commit burglary in the third degree.

The facts material to the questions discussed are stated in the opinion.

*Charles W. Brooke* for plaintiff in error. Where the chamber of a guest at an inn is forced open and his goods stolen, the burglary must be laid in the dwelling-house of the landlord. (2 East's P. C. 499, 500 ; 2 Wharton's Cr. L., § 1577 ; 1 Hale, 557 ; *R.* v. *Prosser,* 2 East's P. C. 502 ; 1 Hawk., ch. 38, § 26.) It was a question of fact for the jury to determine, under the circumstances, whether the continuous supervisory presence of Lansing upon the premises constituted such premises his dwelling-place. (*U. S.* v. *Gilbert,* 2 Sumn.

42.) If the learned judge erred in directing an acquittal upon the grounds of variance, when in law no such variance existed, such acquittal is conclusive. (*State* v. *Norvell,* 2 Yerg. 24; *State* v. *Cooper,* 1 Green, 361, 372, 374.) If the prisoner could have been legally convicted in the first indictment, upon any evidence that might have been adduced, his acquittal upon that indictment may be successfully pleaded to a second indictment; and it is immaterial whether the proper evidence was adduced at the trial of the first indictment or not. (*R.* v. *Sheen,* 2 C. & P. 634; *R.* v. *Clarke,* 1 Brod. & B. 473; *R.* v. *Erwden,* 9 East, 437; *Burns* v. *People,* 1 Park. Cr. 182; *Price* v. *State,* 19 Ohio, 423; *People* v. *Barnett,* 1 Johns. 66; *Comm.* v. *Cunningham,* 13 Mass. 245.) Whether a guest at an inn is guilty of burglary by rising in the night, opening his own door, and stealing goods from other rooms, has been doubted. (1 Hale, 554; *R.* v. *Wheeldon,* 8 C. & P. 547; 2 Wharton's Cr. L., § 1536.

*Daniel G. Rollins,* district attorney, for defendant in error. The indictment was not faulty in alleging that the dwelling-house sought to be entered was that of the guest who occupied it. (1 Hale's Pleas of the Crown, 557; 2 East's Pleas of the Crown, 505; *The King* v. *Rogers* [1772], 1 Leach's Crown Law, 89; *King* v. *Carroll,* 1 Leach, 237 [1782]; 1 Gabbett's Crown Law, 177; 2 Bishop's Crim. Proc. [3d ed.], § 137; *People* v. *Bush,* 3 Park. Cr. 556; *Mason* v. *People,* 26 N. Y. 200.) The court properly treated the plea of a former acquittal as purely one of law, and directed the jury to find by its verdict that the plea was not sustained. (*Stokes* v. *People,* 53 N. Y. 170; *Herring* v. *Hoppock,* 15 id. 413; *People* v. *Cook,* 8 id. 67; *Murtha* v. *State,* 26 Ala. 72; *Hite* v. *State,* 9 Yerg. 357; *State* v. *Haynes,* 26 Ala. 72; *Canter* v. *People,* 1 Abb. Ct. of App. Dec. 305.) When a defendant shall have been acquitted of a criminal charge, upon trial, on the ground of a variance between the indictment and the proof, he may be tried and convicted upon a subsequent indictment for the same offense. (3 Banks [6th ed.], 99.)

Andrews, J.  The first count of the indictment, charges, that the dwelling-house, which the prisoner is alleged to have attempted to break and enter, was the dwelling-house of one Adoniram J. Shippee.  The evidence discloses, that the building was the Astor House, in the city of New York, kept by Allen & Dam, lessees, as an inn.  The lessees did not reside in the building. One Lansing, was manager of the house, for the lessees.  He was at the hotel during business hours, and took his meals there, and sometimes slept in the house, but his residence was with his family, at a house on Forty-sixth street.  Shippee was a resident of Albany, but was a guest in the hotel, at the time of the commission of the alleged offense.  The attempt to commit burglary, of which the prisoner was convicted, consisted in his boring through the door of the room which had been assigned to Shippee, and of which he had a key, with a view to reach and withdraw the bolt, by which it was fastened, and thereby enable the prisoner to enter and steal his goods.

The prisoner's counsel, on the conclusion of the evidence requested the court to charge the jury, that there was not sufficient evidence to warrant a conviction under the first count in the indictment.  The court declined so to charge, and the prisoner's counsel excepted.  This exception raises the question, whether the room of a guest in an inn, is his dwelling-house, and may be laid as such in an indictment for burglary in breaking and entering it, or whether it should be laid as the dwelling-house of the landlord.

It seems to be settled by authority, that the inn in such case, is in contemplation of law, the dwelling-house of the landlord, and not of the guest, and that it should be so described in the indictment.  Lord Hale says:  "And so it is, if A. comes to the inn of B. and there hath a chamber appointed for his lodgings, and this chamber is broken up burglarily, it shall suppose it to be *domus mansionalis* of B., the innkeeper, because the interest is in him, and A. hath only the use of it, for his lodging, without any certain interest." (1 Hale's P. C. 557.)  Hawkins says : " If several persons dwell in one house, as servants, guests, tenants at will, or otherwise,

having no fixed or certain interest in any part thereof, and burglary be committed in any of their apartments, it seems clear that the indictment shall lay the offense in the mansion-house of the proprietor." (1 Hawkins' P. C. 134.)   East says: "If a person. inhabit a dwelling-house as a wife, guest, servant, or part of the family of another, it is the occupation in law of such other person, and must be so laid in the indictment." (1 East's P. C. 500.)   And again he says (p. 502), (citing *Prosser's Case*, tried in 1768, where the point was adjudged:) "By the same rule, if the chamber of a guest at an inn be broken open, it must be laid in the indictment to be the mansion-house of the innkeeper."   Mr. East states the rule as deduced from the authorities to be, that "where the legal title to the whole mansion, remains in the same person, there, if he inhabit it by himself, his family, or servants, or even by his guests, the indictment must lay the offense as committed against his mansion." (Id. 500).

It is suggested by the learned district attorney, that the rule that an inn is the mansion-house of the proprietor, and must be so charged in an indictment for burglary, was established when it was the habit of innkeepers to dwell in their inns, and that it has no application in these times, when landlords often reside with their families, in a house separate from the inn. But we think we should not be justified in affirming the conviction upon the distinction suggested.   Burglary, at common law, is an offense against the habitations of men; and a building must be occupied as a residence, to make it a dwelling-house, the breaking and entry of which, will constitute the burglary of a dwelling-house.   But actual residence therein by the owner, is not essential to constitute the house his dwelling-house. A house in which a wife is permitted to live separately, owned by the husband, but in which he never lived, is properly described in an indictment as his dwelling-house. (*Rex* v. *French*, Russ. & Ry. C. C. 491; *Rex* v. *Wilford*, id. 517.)   So a house of a corporation aggregate, occupied by its servants, may be described as the mansion-house of the corporation. (*Ann Hawkins' Case*, Leach's Cr. Law, 324, notes; 1 East's P. C. 501.) In *Rex* v. *Stock* (Russ. & Ry. C. C. 185), where the servant of

three partners in trade, had weekly wages, and some rooms assigned to him, for a lodging over the bank and brewery office of the partners, with which his lodging communicated, by a trap door, and a ladder, it was held that a burglary committed in the banking-house, was well laid as in the dwelling-house of the three partners. The reason given by Lord HALE, why the chamber of the guest in an inn, is the mansion-house of the innkeeper, and not of the guest, and must be so charged, is as applicable where the innkeeper does not personally reside or lodge in the inn, as when he does. The guest has no interest, but only the use of the chamber for the time being. The legal possession of the room is in the innkeeper. He must answer for the loss of the goods of the guest by theft. The inn, and the rooms therein, are occupied by the innkeeper. He assigns rooms for temporary occupancy by his guests, in the prosecution of his business, and for his profit. The general rule is, that the occupation of a servant, is the occupation of the master. But where the servant lives with his family in a separate house, of which he has the exclusive occupation — as, where a gardener lives in a cottage distinct from the master's house, though on his premises — an indictment for burglary may properly describe the house, as his dwelling-house. (*Rex* v. *Rees*, 7 Carr. & P. 568.) There are many nice distinctions in the cases on this subject, which will be found collected in treatises on the criminal law. But the rule seems to be without exception, that, where a dwelling-house is occupied by a servant, as the house of the master, and in his master's business, it is the master's dwelling-house, and that an indictment for a burglarious entry must so describe it; and the further rule that the room of a guest in an inn, is not his dwelling-house, has, so far as we can find, been uniformly recognized since the time of Lord HALE.

We are of opinion that the indictment was fatally defective, in laying the offense as against the dwelling-house of Shippee. It should have been laid as against the dwelling-house of the keepers of the inn.

The conviction should, therefore, be reversed.

All concur.

Judgment reversed.