**UNITED STATES, Appellee,**

v.

**Private E2 Tyrone GREEN, SSN 157–54–2989, United States Army, Appellant.**

**SPCM 13761.**

U. S. Army Court of Military Review.

July 30, 1979.

---

* 6 M.J. 357 (C.M.A.1979).

OPINION OF THE COURT

MITCHELL, Senior Judge:

We have before us the legal import of the words "of another" when considered as an integral part of the crime of burglary. Placed into issue by the accused's appeal from a special court-martial conviction [1] for burglary, larceny and assault is the following charge and specification:

Charge II: Violation of Uniform Code of Military Justice, Article 129.

Specification: In that Private First Class Tyrone Green, US Army, Combat Support Company, 5th Battalion, 32d Armor, did, at Fort Stewart, Georgia, a military installation under exclusive federal legislative jurisdiction, on or about 27 May 1978, in the nighttime, burglariously break and enter room 115–D, Building 718–D, Troop Billets, 5th Battalion, 32d Armor with intent to commit larceny therein.

Appellate defense counsel argue that "there is clearly no allegation in the specification that Room 115–D, Building 718–D, Troop Billets, 5th Battalion, 32d Army was a dwelling house *of another* as required by Article 129, UCMJ, 10 U.S.C. § 929; paragraph 108, *MCM, 1969* . . . [and that] the specification itself states that the appellant belonged to the same organization [5th Battalion, 32 Armor] to which the room belonged. Therefore, it is entirely possible that the appellant had the right to enter the room alleged in the specification." (Emphasis ours.) The absence of the words "of another," they argue, makes the specification fatally defective. We disagree and affirm.

It is a fundamental rule that "[e]very essential element of the offense sought to be charged must be alleged directly or by clear implication in the specification." *E. g. United States v. Fout,* 3 U.S.C.M.A. 565, 13 C.M.R. 121, 124 (1953). Neither a failure to object nor proof of

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Jacob J. Holeman, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Dennis S. Cameron, JAGC, and Captain James W. Hewitt, Jr., JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and GARN, Appellate Military Judges.

1. The appellant, following a plea of guilty, was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $279.00 pay per month for six months, and reduction to the lowest enlisted grade. The convening authority approved the sentence but suspended the bad-conduct discharge for six months.

968

admission of the absent element remedies a defective charge.

■ On the other hand, when the pleadings have not been attacked prior to findings and sentence (as in the case at bar), it is enough to withstand a broadside charge that they do not state an offense, if the necessary facts appear in any form or by fair construction can be found within the terms of the specification. *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202, 206 (1953). The rigor of old common-law rules of criminal pleading has yielded in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded.

Following the common-law, burglary in military law is the breaking and entering, in the nighttime, of another's dwelling house with an intent to commit those crimes punishable by Articles 118 through 128 of the Uniform Code of Military Justice, 10 U.S.C. §§ 918 through 928. Article 129, *Code*. Its commonly recognized elements are incorporated in that definition. *United States v. Hart*, 49 C.M.R. 693, 694 (A.C.M.R.1975); paragraph 208, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev.)). Under traditional rules of pleading, to properly allege burglary it must be averred that the structure broken and entered was another's dwelling house.[2]

The specification under scrutiny identifies with unmistakable exactness the structure broken into, *viz.* Room 115–D of Building 718–D. Moreover, the words "Troop Billets"[3] patently identify the "dwelling house" character of the structure.[4] In addition, "ownership" of the room, as well as the building, is alleged, *viz.* 5th Battalion, 32d Armor.[5] Appellant's claim that despite this averment, the specification fails to deny his right of entry as a member of the "owner" unit is, in our view an illusionary punctilio. The purpose of alleging "ownership" is to fix the identity of the structure entered, to negate the accused's right of entry, and protect the accused from a second prosecution for the same offense.[6] 13 Am.Jur.2d, Burglary § 37 (1964).

Undoubtedly, an averment naming the assigned military inhabitant(s) of the room entered would have been better pleading, yet there can be no reasonable doubt that the specification, when impartially read, negates a right of entry by appellant. Breaking is a word of art signifying more than mere trespass and requires a "breach of the building by *trespass*."[7] A breaking cannot be established by one who had the authority to open. Thus "break" further negates a right to entry. Likewise, the averment "burglariously break and enter" by its fair import specifies a trespass breach and entry of the building. Laws and the alleged breach thereof are to be construed by interpreting their words in their plain and actual meaning, and the ordinary and grammatical sense of their language, when the terms are clear and precise.[8] They should be interpreted to give effect to all the words, when such interpretation is reasonable.[9]

**2.** *See generally* 20 A.L.R. 510 (1922).

**3.** Lodging; quarters, *Webster's New World Dictionary of the American Language* (College Edition).

**4.** *See United States v. Scwartz*, 20 C.M.R. 497, 499 (N.B.R.1955); 13 Am.Jur.2d, Burglary § 33 (1964) (any words which allege with reasonable certainty the character of the building as a "dwelling house" are sufficient).

**5.** In *United States v. Mills*, 5 C.M.R. 757 (A.F.B.R.1952), it was held that the word "another" as used in Article 130, UCMJ (housebreaking) included the Government and was not limited to persons.

**6.** *See United States v. Bailey*, 23 C.M.R. 862 (A.C.M.R.1957) and *United States v. Jones*, 23 C.M.R. 818 (A.F.B.R.1956).

**7.** Perkins on Criminal Law at 152 (1957); 2 Wharton's Criminal Law and Procedure § 414 (1957).

**8.** *United States v. Fisher*, 6 U.S. 214 (2 Cranch 358), 2 L.Ed. 304 (1804) (Marshall, C. J.).

**9.** *United States v. Bassett*, 24 Fed.Cas.P. 1030, No. 14,539 (C.C.D.Mass.1843).

It is our view that in the specification before us common sense, when applied to every day human experience, permits burglary to be alleged without specifying that the dwelling is "of another" because the word "break" signifies a trespass and negates a rightful entry.

For these reasons the findings of guilty and the sentence are affirmed.

Judge DRIBBEN and Judge GARN, concur.