UNITED STATES, Appellee,

v.

Specialist Five William J. NORMAN,
Junior SSN 203–46–4411, United
States Army, Appellant.

No. SPCM 18836.

U.S. Army Court of Military Review.

10 Aug. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain William T. Wilson, JAGC, and Captain Warren G. Foote, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards JAGC, and Captain Glenn D. Gillett, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Judge:

Tried and convicted of larceny and burglary [1] by a special court-martial in Korea, the appellant, Specialist Five Norman, was sentenced to reduction to Private E–1, confinement at hard labor for four months, forfeiture of $367 pay per month for four months and a bad-conduct discharge. The convening authority approved the sentence. Norman now claims that the evidence is insufficient to sustain any findings of guilt and that Charge II, burglary, fails to state that offense as the specification does not allege the place entered was the dwelling of another.[2]

The record of trial establishes that on the evening of 30 July 1982, Sergeant McHenly registered as a guest at the Hosso Hotel in Uijongbu, Republic of Korea. He was given room 310. Earlier in the day Specialist Norman had checked into the Hosso and was assigned room 305 which was located across the hall from room 310. Shortly after checking in Norman departed the hotel. He returned to his room there at about 0100 hours, 31 July 1982, after an evening of carousing in the "Uijongbu area". He was accompanied at that time by Miss Hong, a prostitute.

At the trial Miss Hong testified that some time after their return, while she pretended to sleep, the appellant left the room twice. The second time she followed and saw him enter another room and come out with a jacket and trousers. He returned to his room and removed a watch, a cigarette lighter and a wallet from the trousers. He took some money from the wallet. The appellant then returned the clothes. Miss Hong promptly reported these events to the hotel manager. The manager confronted the appellant, who was then in the act of leaving with his packed bags, and demanded the return of the stolen items. He was given $237 in United States currency by Norman which the manager testified he determined was taken from McHenly in room 310. The watch, identified by McHenly as his, was later found in the appellant's possession. Norman denied stealing anything from McHenly and claimed he went to sleep after returning to

1. In violation of Articles 121 and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 929 (1976), respectively.

2. The specification reads as follows:
   In that Specialist Five William J. Norman, Junior, US Army, Headquarters and Head-quarters Battery, 2d Infantry Division, Artillery, did, on on about 31 July 1982, in the city of Uijongbu, Republic of Korea, in the nighttime, burglariously break and enter room number 310 of the Hosso Hotel, with intent to commit larceny therein.

the room and being serviced by Miss Hong. He also contends that he turned over the $237 to the hotel manager because he was intoxicated and confused.

◼ The recited facts convince us beyond reasonable doubt that the evidence of record establishes the appellant's guilt of larceny. The issue of whether the specification of Charge II alleges the offense of burglary, however, requires further discussion.

◼ In military law burglary includes "all the elements of common law burglary", *United States v. Knight*, 15 M.J. 202, 205 (C.M.A.1983). It occurs when there is a breaking and entering in the nighttime of the dwelling house of another, with intent to commit larceny or certain other statutorily designated offenses.[3] Article 129, Uniform Code of Military Justice, 10 U.S.C. § 929 (1976); paragraph 208, Manual for Courts-Martial, United States, 1969 (Revised edition). "It is an offense against the security of habitation or occupancy". C. Torcia, 3 Wharton's Criminal Law, § 326 (1980); *United States v. Rose*, 6 M.J. 754 (N.C.M.R.1978). It is not necessary that the word "dwelling" be used in a specification to render an entry burglarious. "Any words which show with reasonable certainty the character of the building are sufficient ..." *United States v. Schwarz*, 20 C.M.R. 497 (N.B.R.1955). A barracks room may be the subject of burglary. *United States v. Green*, 7 M.J. 966 (A.C.M.R.1979), *pet. denied*, 8 M.J. 176 (C.M.A.1979); *Cf. United States v. Hart*, 49 C.M.R. 693 (A.C.M.R.1975) (barracks room subject to housebreaking). A hotel room may be a "dwelling" within the meaning of Article 129. Manual, *supra* at paragraph 208. *See also* 13 Am.Jur.2d, *Burglary* § 3 (1964); 12A C.J.S. *Burglary* § 31 (1980).

◼ In this case we are convinced by the evidence that room 310 was a dwelling within the meaning of Article 129, at the time of the alleged burglary. The specification of Charge II, however, neither spe-

cifically negates occupancy of room 310 by the appellant nor alleges that it belonged to or was occupied by McHenly. Hence, the specific issue raised by the appellant is whether the specification alleges the appellant entered the dwelling *of another*, by the use of the language "... burglariously break and enter room number 310 of the Hosso Hotel". We hold that it does.

◼ Ownership in one other than the accused is an element of burglary and must be included in the specification. *United States v. Knight, supra; United States v. Wheat*, 5 C.M.R. 494 (A.F.B.R.1952); *United States v. Gill*, 15 M.J. 328 (C.M.A.1983) (summary disposition). An element may be included, however, either expressly or by clear implication if it apprises the accused of the offense charged so that he may properly prepare his defense. *United States v. Green, supra; United States v. Reid*, 12 U.S.C.M.A. 497, 31 C.M.R. 83 (1961); *United States v. Florin*, 31 C.M.R. 459 (A.F.B.R. 1962). Nonetheless, "an allegation of ownership [in a burglary specification] is material only to show on the record that the area entered was not the property of the accused, thus negating his right to enter." *United States v. Vance*, 10 C.M.R. 747 (A.F. B.R.1953). While inclusion of the term "burglariously" will not satisfy the requirement to allege a "break and entry", it does imply the intent with which an alleged "breaking and entering" is done. *United States v. Knight, supra*. Accordingly, we find the allegation that the breaking and entering here was "burglariously" "specifies a trespass break and entry", *United States v. Green, supra* at 968, and implies at least a negation of ownership or occupancy in the accused.

◼ Still remaining unanswered is the question whether the failure to allege occupancy of room 310 by a specific individual implies a right to enter by any registered guest of the Hosso Hotel. We hold that it does not. An old New York Court of Appeals case, *Rodgers v. People*, 86 N.Y. 360

---

**3.** Those crimes punishable by Articles 118 through 128 of the Uniform Code of Military

Justice, 10 U.S.C. §§ 918 through 928 (1976).

(1881), cites numerous older English cases and Lord Hale as "settled authority" in concluding that a room in an inn rented to a guest is "the dwelling-house of the landlord, and not the guest ..." Relying upon *Rodgers,* and various other cases from courts throughout the United States, *Wharton, supra* at § 335 states:

> In [the] case [of a hotel], each room is regarded as the "dwelling house" of its respective occupant. At times, a distinction is made between transient and permanent guests. In the case of a permanent guest, the room is regarded as the dwelling house of the guest; but in the case of a transient guest, the room is regarded as the dwelling house of the innkeeper. In either case, of course, a break and entry into the room constitutes burglary. (citations omitted).

■ We believe the authority cited above allows us to conclude that the wording of the specification in this case negates the right of entry into room 310 of the Hosso Hotel except to anyone authorized entry by the hotel's representative, such as a guest to whom it was registered. We hold that the specification satisfies the common law requirement that the charge of burglary allege an entry into the dwelling of another. The evidence established that the room was rented to a transient guest, McHenly, and negated any right of entry to Norman. As all other elements of burglary were also proven beyond reasonable doubt, we will sustain the findings of guilty to burglary.

■ One final matter must be addressed. In our review we note that the military judge failed to advise the appellant of his allocution right to remain silent during the presentencing portion of the trial. *See* paragraph 53*h*, Manual, *supra.* He did, however, advise him of his right to testify under oath or to make an unsworn statement. The military judge's failure to advise the appellant of his right to remain silent was error. We do not find, however, that the appellant was prejudiced. *See United States v. Barnes,* 6 M.J. 356 (C.M.A. 1979); *United States v. Avery,* 2 M.J. 1004 (A.C.M.R.1976). Out of caution and to insure fairness, we will, nevertheless, reassess the sentence.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Senior Judge MELNICK and Judge WATKINS concur.