UNITED STATES, Appellee

v.

WILLIAM J. PETERSON, Basic Airman, U. S. Air Force, Appellant

2 USCMA 645, 10 CMR 143

No. 2594

Decided June 22, 1953

COL Kenneth B. Chase, USAF, and CAPT Cornell DeGrothy, USAF, for Appellant.

LT COL Harold Anderson, USAF, and 1ST LT Anthony Ortega, Jr., USAF, for Appellee.

### Opinion of the Court

PER CURIAM:

Accused was found guilty by general court-martial of one larceny in violation of Article 121, Uniform Code of Military Justice, 50 USC § 715, and three forgeries and one utterance of a forged instrument, all in violation of Article 123, Uniform Code of Military Justice, 50 USC § 717, following his plea of not guilty. Air Force reviewing authorities have upheld the findings and the sentence. The case is before the Court on petition for review. Article 67(b)(3), Uniform Code of Military Justice, 50 USC § 654.

The law officer in instructing the court-martial on the elements of the offense of larceny omitted the ▮▮ element of value. Further, he said nothing which could reasonably be construed to require a finding of value. It is patent that only something of value can be the subject of larceny, Manual for Courts-Martial, United States, 1951, paragraph 200a, page 356, and the court-martial must find that the article or thing involved was of at least some value as a predicate for a conviction of larceny. Manual for Courts-Martial, supra, paragraph 200a, page 361.

We have held that the law officer must instruct on the elements of the offense, United States v. Clay (No. 49), 1 USCMA 74, 1 CMR 74, decided November 27, 1951, and we have pointed out that the rule of the Clay case, supra, means every element of the offense, United States v. Cromartie (No. 374), 1 USCMA 551, 4 CMR 143, decided August 6, 1952; United States v. Bill J. Wright (No. 1081), 1 USCMA 602, 5 CMR 30, decided August 20, 1952. The law officer's error with respect to the offense of larceny in the face of a plea of not guilty, requires reversal as to that offense. United States v. Clay, supra; United States v. Cromartie, supra; United States v. Bill J. Wright, supra.

We note, however, that accused was properly convicted for three forgeries and one utterance of a forged instrument. We further note that the sentence as affirmed does not exceed legal limits for the proper convictions. Manual for Courts-Martial, supra, paragraph 127c, page 223. Our disposition of this case is thus controlled by the principles announced in United States v. Bobby L. Keith (No. 226), 1 USCMA 442, 4 CMR 34, decided July 3, 1952.

In accordance with the foregoing, the petition for review is granted. The decision of the board of review is reversed as to Charge I and affirmed as to Charge II and the additional charge. The record is remanded to The Judge Advocate General, United States Air Force, for action not inconsistent with this opinion.