UNITED STATES, Appellee

v.

DELBERT L. NIDY, Private E–2, U. S. Army, Appellant

3 USCMA 408, 12 CMR 164

No. 3354

Decided September 18, 1953

Lt Col George M. Thorpe, U. S. Army, and 1st Lt Lee J. Rosch, U. S. Army, for Appellant.

Lt Col William R. Ward, U. S. Army, and 1st Lt Donald M. Sukloff, U. S. Army, for Appellee.

## Opinion of the Court

PER CURIAM:

Accused was found guilty by general court-martial of an assault with a dangerous weapon in violation of Article 128, Uniform Code of Military Justice, 50 USC § 722, and the willful discharge of a firearm, under circumstances such as to endanger human life, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced to suffer a dishonorable discharge, total forfeitures, and confinement at hard labor for four (4) years. Army reviewing authorities have upheld the findings and the sentence. The cause is here on petition for review pursuant to Article 67(b)(3), Uniform Code of Military Justice, 50 USC § 654.

After a hearing on the merits, the law officer, when instructing the court-martial on the elements of the offense of willful discharge of a firearm under circumstances such as to endanger human life, omitted any reference to willfulness. We have previously held that willfulness is an essential element of

that offense. United States v. Charles F. Simmons, 1 USCMA 691, 5 CMR 119, decided September 26, 1952.

It should by now be familiar learning that the law officer must instruct on the elements of the offense, United States v. Clay, 1 USCMA 74, 1 CMR 74, decided November 27, 1951, and that the rule of the Clay case, supra, means every essential element of the offense, United States v. Charles F. Simmons, supra; United States v. Cromartie, 1 USCMA 551, 4 CMR 143, decided August 6, 1952; United States v. Bill J. Wright, 1 USCMA 602, 5 CMR 30, decided August 20, 1952; United States v. William J. Peterson, 2 USCMA 645, 10 CMR 143, decided June 22, 1953. The rationale of those cases requires us to set aside the sentence and the finding on one charge. We note, however, that the accused was properly convicted of assault with a dangerous weapon and that finding is affirmed. The maximum punishment for that offense extends to confinement for not more than three years,

408

with the usual accessories, and thus will not alone support the sentence. A rehearing on one charge or a reconsideration of the sentence is therefore necessary.

In accordance with the foregoing, the petition for review is granted. The decision of the board of review is affirmed as to Charge I and reversed as to Charge II. The record is returned to The Judge Advocate General of the Army for reference to a board of review for reconsideration of the sentence or for any other action in conformance with the views expressed herein.