UNITED STATES, Appellee

v.

RICHARD R. OBLIGENHART, Private First Class, U. S. Marine Corps, Appellant

3 USCMA 627, 14 CMR 45

No. 4003

Decided January 8, 1954

LT CDR John J. Nelson, USNR, for Appellant.
CDR Raymond W. Glasgow, USN, for Appellee.

Opinion of the Court

PER CURIAM:

Following action by intermediate reviewing authorities, the petitioner stands convicted of four specifications alleging absences without leave totalling twenty-one days, one specification of failure to obey a lawful order, and a specification of breach of restriction, in violation respectively of the Uniform Code of Military Justice, Articles 86, 92, and 134, 50 USC §§ 680, 686, 728. At his trial by special court-martial the accused pleaded guilty to the charges of unauthorized absence and breach of restriction, but not guilty to the alleged failure to obey. We are concerned only with the instructions given by the president of the court as to this last offense.

Competent evidence reveals that the accused was issued straggler's orders directing him to report to the Marine Corps School, Quantico, Virginia, and that thereafter the accused failed to comply with these orders. The accused testified that his non-compliance stemmed solely from inability and impossibility.

In delineating the elements of failure

**627**

to obey, the president instructed the court members as follows: "(a) that a certain lawful order was issued by a member of the armed forces; (b) that the accused had knowledge of the order; (c) that it was the duty of the accused to obey the order." At once, it is apparent that he omitted the vital fourth element of the offense, "that the accused failed to obey the order," the only ingredient of the offense controverted by the accused.

This Court has previously announced in United States v. Peterson, 2 USCMA 645, 10 CMR 143, that:

". . . the law officer must instruct on the elements of the offense, United States v. Clay (No. 49), 1 USCMA 74, 1 CMR 74, decided November 27, 1951, and we have pointed out that the rule of the Clay case, supra, means every element of the

offense, United States v. Cromartie (No. 374), 1 USCMA 551, 4 CMR 143, decided August 6, 1952; United States v. Bill J. Wright (No. 1081), 1 USCMA 602, 5 CMR 30, decided August 20, 1952. The law officer's error with respect to the offense of larceny [failure to instruct on the element of value] in the face of a plea of not guilty, requires reversal as to that offense."

Accordingly, we cannot sustain the finding that the accused failed to obey a lawful order. Since the remaining offenses, of which the petitioner was properly convicted, do not sustain the sentence imposed by the court-martial, we remand the record to The Judge Advocate General of the Navy for further action not inconsistent with this opinion.