UNITED STATES, Appellant

v.

RAYMOND D. MAY, Basic Airman, U. S. Air Force, Appellee

3 USCMA 703, 14 CMR 121

No. 3450

Decided February 5, 1954

Lt Col Harold Anderson, USAF, and 1st Lt Anthony Ortega, Jr., USAF, for Appellant.
Col A. W. Tolen, USAF, and Capt D. L. Carhart, USAF, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

On review of the accused's conviction by special court-martial for wrongful appropriation of a Government truck of the alleged value of $750.00, in violation of Article 121, Uniform Code of Military Justice (Charge I), 50 USC § 715, the convening authority approved "only so much of the finding of guilty . . . as finds that the accused did at the time and place alleged wrongfully appropriate the property described, of the ownership alleged." Thereafter, a board of review set aside the findings of guilty. It held that the convening authority's action eliminated the essential element of value, and, consequently, his action constituted approval of findings of fact which did not amount to a violation of Article 121. The Acting Judge Advocate General of the Air Force then certified to this Court the following questions:

"a. With respect to Charge I and its specification, is 'some value' an element of the offense of wrongful appropriation of 'personal property' where the punishment imposable is not dependent upon value of the property alleged?

"b. With respect to Charge I and its specification, if the answer to the foregoing question is in the affirmative, did the action of the convening authority, approving only so much of the finding of guilty 'as finds the accused did at the time and place alleged wrongfully appropriate the property described, of the ownership alleged' and eliminating specific reference to value, require the said finding as approved by the convening authority to be set aside?

"c. If the answer to the second of the foregoing questions is in the affirmative, was the board of review required as a matter of law to order dismissal of the charges?"

Since value is an essential ingredient of larceny, the board of review concluded that it was a like ingredient for the offense in this case. The board of review apparently based its decision on our opinion in United States v. Peterson, 2 USCMA 645, 10 CMR 143.

Previously we pointed out that, except for a difference in intent, the elements of wrongful appropriation are generally the same as those for larceny. United States v. Norris, 2 USCMA 236, 8 CMR 36. This general similarity is apparent in the language of Article 121, supra, which defines both offenses as follows:

"ART. 121. Larceny and wrongful appropriation.

"(a) Any person subject to this code who wrongfully takes, obtains, or withholds, by any means whatever, from the possession of the true owner or of any other person any money, personal property, or article of value of any kind . . .

(1) with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate the same to his own use or the use of any person other than the true owner, steals such property and is guilty of larceny; or

(2) with intent temporarily to deprive or defraud another person of the use and benefit of property or to appropriate the same to his own use or the use of any person other than the true owner is guilty of wrongful appropriation.

"(b) Any person found guilty of larceny or wrongful appropriation shall be punished as a court-martial may direct."

In enumerating the elements of proof for both larceny and wrongful appropriation, the Manual specifically requires a finding that the property alleged to have been taken be "of the value alleged, or of some value." Ibid, paragraph 200a, page 361; paragraph 200b, page 362. Moreover, the Table of Maximum Punishments provides a punishment for both offenses which is directly dependent upon the value of the property taken. Ibid, paragraph 127c, page 223. Consequently, a specific value is normally an element of pleading and proof. Ibid, Appendix 6c, Forms 89–90, page 484. See: United States v. Smith, 2 USCMA 312, 8 CMR 112; McQuaid v. United States, 193 F2d 696 (CA DC Cir) (1951); Henry v. United States, 263 Fed 459 (CA DC Cir) (1919). However, when the specification describes particular property which any reasonable person would necessarily conclude had some value, it is unnecessary to set out the exact amount. All that is required is that the property taken be the proper subject of a larceny or misappropriation and that its description be such that everyone would reasonably know that it had at least some value. An omission of an allegation of specific value may preclude punishment greater than that for the least degree of the offense irrespective of the proven value, but that is altogether different from the problem before us here.

Under the Uniform Code, the subject matter of a wrongful appropriation must be money, personal property, or an article of value of any kind. The character of a motor vehicle as personal property, within the meaning of Article 121, is self-evident. See Jolly v. United States, 170 US 402, 18 S Ct 624, 42 L ed 1085; Lotto v. United States, 157 F2d 623 (CA8th Cir) (1946). Also self-evident is the fact that a half-ton pick-up truck in apparent operating condition has inherent value. Bishop, Criminal Law, 9th ed, § 767, page 589; 52 CJS, Larceny, § 2c.

The specification alleges that the vehicle in question was of the value of $750.00. Inasmuch as the law officer's instructions required the court to find that the vehicle was of the value alleged or some lesser value, implicit in the court's unqualified finding of guilt is a finding that the value was $750.00. However, since the punishment for the offense of wrongful appropriation of a motor vehicle is not dependent upon any precise value, Manual for Courts-Martial, United States, 1951, paragraph 127c, page 223, that aspect of the finding was unimportant. Consequently, when the convening authority approved a finding that the accused misappropriated the motor vehicle described in the specification, he did not thereby affirmatively find that the vehicle was value-

less. On the contrary, his action carried with it a finding that the property was of such a nature that all reasonable persons would necessarily conclude that it was of some value. Accordingly, his action contained all of the essential facts required for a conviction of a violation of Article 121, supra.

Our conclusion here is not out of harmony with our decision in United States v. Peterson, supra. In that case we were concerned with instructional requirements. We there pointed out that the failure to instruct a court that it must find the property in question is of the value alleged or of some value is normally error. The furnishing of appropriate legal guideposts for the determination of the accused's guilt or innocence is different from the reasonable inference of value which may be drawn from the mere description of the property. The Manual recognizes this distinction in its provision that: "The court, from its own experience may infer that it [the property] has some value." The instructions here fully covered the value element of the offense, and appellant makes no claim of error as to them. Hence, the demands of the Peterson case are fully met.

For the foregoing reasons, we answer the first certified question in the affirmative and the other two questions in the negative. The decision of the board of review is reversed and the record is returned to The Judge Advocate General of the Air Force for such action as is consistent with this opinion.

Judges LATIMER and BROSMAN concur.