UNITED STATES, Appellant

v.

ARTHUR A. JOHNSON, First Lieutenant, U. S. Army, Appellee

3 USCMA 706, 14 CMR 124

No. 3690

Decided February 5, 1954

LT COL William R. Ward, U. S. Army, and MAJ Irvin M. Kent, U. S. Army, for Appellant.

LT COL George M. Thorpe, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

After a plea of not guilty, the accused was convicted by a general court-martial of a number of offenses in violation of the Uniform Code of Military Justice, including three specifications of wrongful appropriation in violation of Article 121, 50 USC § 715. Two of the latter specifications charge the wrongful appropriation of a quarter-ton truck, commonly known as a "jeep," property of the United States Government, but neither contains an allegation of specific value.

A board of review set aside the findings of guilty on the two specifications and ordered the charges dismissed. It held the specifications legally sufficient, but determined that the law officer's instructions on value were prejudicially erroneous. The Acting The Judge Advocate General certified to this Court the following questions:

"(1) Was the board of review correct in holding that Specifications 2 and 3 of Charge I, charging wrongful appropriation of 'a truck 4 x 4, M 37, ¼ ton, the property of the United States Government', sufficiently alleged an offense under Uniform Code of Military Justice, Article 121, without alleging the value of said automobile?

"(2) Was the board of review correct in holding that the instruction given by the law officer to the effect 'that the property described . . . was a motor vehicle, in which case the value of the property does not have to

**707**

be shown' materially prejudiced the substantial rights of the accused?"

Our decision in United States v. May, 3 USCMA 703, 14 CMR 121, disposes of the first certified question. In that case we held that while value is an essential element of the offense of wrongful appropriation, it may, in a proper case, be inferred from the nature and description of the property appropriated. We concluded that approval by the convening authority of so much of a specification as alleged that the accused wrongfully appropriated a motor vehicle which was described in the specification constituted approval of sufficient facts including that of value to support the court's finding of guilty of a violation of Article 121. For the same reasons, we hold that the specification in this case which also describes a motor vehicle carries with it a sufficient showing of value to meet the requirements of law as to the sufficiency of the specification. United States v. Fout, 3 USCMA 565, 13 CMR 121; United States v. Sell, 3 USCMA 202, 11 CMR 202. Accordingly, we answer the first certified question in the affirmative.

Turning to the law officer's instructions, we are of the opinion that they do not present a fair risk of prejudice to a substantial right of the accused. No doubt it is error for a law officer to fail to instruct the court on all of the essential elements of an offense. United States v. Clay, 1 USCMA 74, 1 CMR 74. In United States v. Peterson, 2 USCMA 645, 10 CMR 143, we specifically applied that principle to reverse a conviction for larceny because of the failure of the law officer to instruct the court on the element of value. Here, however, there was no complete absence of instruction. The question is whether the instruction given sufficiently accords to the accused all the substantial rights to which he is entitled.

Any approach to the meaning of an instruction requires us to read the instruction as a whole and to determine its impression upon the court members. If misunderstanding of, or confusion in, the instruction could result in prejudice to the accused, we would not hesitate to reverse the findings of guilty, and grant him a new trial. With these principles in mind, we examine the instructions here.

Initial mention of the elements of wrongful appropriation occurred in connection with instruction on the first specification of wrongful appropriation. As to that specification, the law officer expressly informed the court that it must find that the "property was of the value alleged or some lesser value." Clearly implicit in this statement is a direction that value is an element of the offense of wrongful appropriation. This instruction was immediately followed by that on the two specifications relating to the misappropriation of the motor vehicle. The formula for a finding of value was not repeated. It would have been better practice to do so, but we do not believe that the court was uninformed or misled as to its responsibilities merely because they were not again instructed in detail on all of the elements. United States v. Kubel, 1 USCMA 645, 5 CMR 73.

Had the law officer expressly told the court that value was not an ingredient of wrongful appropriation of a motor vehicle, we might have a different problem. See United States v. Peterson, supra. However, the tenor of the instructions here did not reach that level in the light of the immediately preceding enumeration of the elements of wrongful appropriation which specifically included value. They only suggest that the character of a motor vehicle is such that a direct showing of value in dollars and cents in a specified amount is not required. We think that was what the law officer meant in his instructions and that it was so understood by the court. If defense counsel misunderstood its meaning and thought that something different was intended, he should have asked for clarification. The record shows that defense counsel was accorded an opportunity to do so at the conclusion of the law officer's instructions. He did not. Under the circumstances, we cannot say that lack of

clarity was prejudicial to the accused. United States v. Johnson, 3 USCMA 447, 13 CMR 3. We conclude that the second certified question should be answered in the negative.

The decision of the board of review is reversed and the case is returned to The Judge Advocate General of the Army for action consistent with this opinion.

Judges LATIMER and BROSMAN concur.