UNITED STATES, Appellee

v

EUGENE R. GAUDET, Basic Airman, U. S. Air Force, Appellant

11 USCMA 672, 29 CMR 488

Lieutenant Colonel James L. Kilgore, Lieutenant Colonel Peter Portrum, and Captain Norman K. Hogue were on the brief for Appellant, Accused.
Colonel John F. Hannigan and Lieutenant Colonel Francis F. Coogan were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of thirteen specifications of stealing mail matter, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for three years. Following reduction of the period of confinement to two years, the convening authority approved the sentence. The board of review affirmed, and we granted review on the issue whether the law officer erred prejudicially in failing to instruct the court-martial fully on the elements of the offense alleged and whether he should have also instructed it concerning the offense of wrongful taking of mail matter.

We may immediately dispose of that portion of the granted issue relating to instructions concerning wrongful taking of mail matter, for it is clear from the evidence that no issue was raised concerning that crime. Hence, the law officer was under no duty to instruct thereon. United States v Sharp, 5 USCMA 580, 18 CMR 204.

The law officer's advice to the court-martial included all of the elements of the offense of larceny save that of value. He refused to require the members of the court to find that the allegedly stolen letters were, at least, of some value. This occurred despite objection by defense counsel and the direction of his attention to our opinion in United States v Thurman, 10 USCMA 377, 27 CMR 451. Appellate defense counsel repeat before us the argument that our rationale in that case required the law officer to instruct the court-

martial that it must find the mail matter involved to be of some value in order to convict the accused. Thus, they advert to language in Thurman, supra, to the effect that "the Government was required to establish every element of larceny as that offense is defined by Article 121 of the Code, supra, 10 USC § 921." United States v Thurman, supra, at page 380. With this point in mind, they refer to our holding in United States v Peterson, 2 USCMA 645, 10 CMR 143, that value is an essential element of larceny under the provisions of Code, supra, Article 121, and contend that it is also an element of stealing mail.

True it is that we referred to "every element of larceny" in the Thurman case, but that language must be read in context. In that case, the law officer instructed the court-martial that larceny of mail matter meant no more than the wrongful taking of mail. He thus did violence to the terms of 18 USC § 1708, the statute involved, and gave little consideration to the infamy with which the armed forces regard theft. United States v Thurman, supra, at page 381. In short, we dealt in that case not with value but with the question whether larceny of mail matter involved the specific intent to steal as well as a wrongful taking.

Moreover, it should be clear that the contention of the defense must fall in view of the express terms of 18 USC § 1708. That enactment provides for the punishment, inter alia, of whoever "steals . . . any letter, postal card, package, bag, or mail." (Emphasis supplied.) By the inclusion of such specifically described items of property as the subject of theft from the mails,

it is clear beyond cavil that Congress intended to punish stealing mail matter without regard to its value. Bowers v United States, 148 Fed 379 (CA8th Cir) (1906). Indeed, the legislative history of a recent revision of the mentioned statute succinctly notes that:

". . . . [T]he thing being protected here is more the sanctity and integrity of the United States mails than it is the property value of individual pieces of mail. . . ."
[House Report No. 1674, 82d Congress, 2d Session, page 2.]

Briefly, then, 18 USC § 1708 falls into that category of enactments which involve the theft of particular items without regard to their intrinsic worth. In this respect, it is similar to those statutes which punish the larceny of a dog, a horse, a chicken, or cattle. In such instances, the courts are concerned only with whether the accused stole the dog, horse, chicken, or cow, without regard to whether the animal was valuable. In like manner, the Code section before us punishes the stealing of mail matter, and whether the mail has any particular value is immaterial. What we demand is that the court-martial be required to find that the accused wrongfully took the mail described in the charges with the necessary specific intent permanently to deprive the true owner of its possession. That is all that we held in United States v Thurman, supra. It follows, therefore, that the law officer did not err in refusing to instruct the court-martial that it must find the items taken by the accused to have some value.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

My views on the issue herein involved may be found in my dissenting opinion in United States v Thurman, 10 USCMA 377, 27 CMR 451. An application of those concepts to the case at bar dictates that I join my brothers in affirming the decision of the board of review.