**UNITED STATES**

**v.**

**Airman Basic Walter W. UPTON, FR 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 United States Air Force.**

**ACM S24779.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 March 1979.

Decided 9 April 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter, Major Robert T. Mounts and Lieutenant Colonel William H. Seckinger, USAFR.

Before HERMAN, ARROWOOD and MILES, JJ.

## DECISION

HERMAN, Senior Judge:

We hold that an omission in a letter recommending the substitution of a member of a court-martial is insufficient by itself to cast doubt upon the presumption of regularity accorded to the issuance of a court-martial order, when first presented at this stage of the case. We also find that the omission of the trial judge of the element of value in his instructions on findings was non-prejudicial error; nor was he required, *sua sponte*, to instruct the members respecting forms of punishment less severe than the maximum permissible. Finally, we hold that a portion of trial counsel's argument on sentence was improper, in that it could be interpreted by the members as an encouragement to increase an otherwise appropriate sentence for general deterrence purposes.

Before a special court-martial composed of members, the accused was convicted of wrongful appropriation of a motor vehicle, wrongfully sniffing volatile intoxicants, and a ten day absence without leave, in violation of Articles 121, 134 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934 and 886.

Appellate defense counsel have assigned four errors, the last of which asserts that the court-martial was improperly constituted because one member was not properly appointed to the court. Counsel have attached to their brief a letter from the Staff Judge Advocate to the Convening Authority recommending that Captain G replace Major W as a member of the court, and that Major C replace Major P as the military judge. The court-martial order, part of the record of trial, conformed to the recommendations of the Staff Judge Advocate. Appellate defense counsel argue that the commander's approving indorsement to the letter of the Staff Judge Advocate signed by the convening authority, was insufficient to appoint Captain G because a blank space was not filled in with his name. Neither the letter of the Staff Judge Advo-

cate nor the indorsement of the convening authority were presented at trial. The amending court-martial order, properly signed and issued on behalf of the commander, was the source of authority for convening the court-martial and appointing the participants therein. In the absence of a substantial showing of irregularity, we must be guided by the time-honored principle enunciated in *United States v. Masusock*, 1 USCMA 32, 35, 1 CMR 32, 35 (1951):

> [T]here is a presumption that the records emanating from official unit sources are the records required by regulation to be kept and that the person recording even though not shown as the commanding officer knew or had the duty to know or ascertain the truth of the facts or events recorded. Courts have long indulged in the legal presumption of regularity in the conduct of governmental affairs. [Citations omitted]. In the absence of a showing to the contrary, this court must presume that the Army and its officials carry out their administrative affairs in accordance with regulations . . . .

The document filed by counsel on appeal, preliminary in nature and not required to be maintained by law or regulation, is insufficient to cast doubt upon the validity of the court-martial order. Appellate counsel have invited our attention to *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978) wherein Judge Perry, writing for a majority, reaffirmed the obligation of a convening authority personally to appoint members of a court-martial. Testimony in that record revealed that an administrative officer selected and appointed the members of the court-martial. No such evidence appears in the record before us to overcome the presumption of regularity; we find no error. See also *United States v. Saunders*, 6 M.J. 731 (A.C.M.R.1978); *United States v. Hammond*, 43 C.M.R. 994 (A.F.C.M.R.1971).

In their second assignment of error, appellate defense counsel assert that the military judge erred by failing to instruct on the element of value with respect to the wrongful appropriation of the motor vehicle. The accused pleaded not guilty to the offense charged, larceny, and was convicted of the lesser included offense of wrongful appropriation. He and his counsel stipulated to a number of facts surrounding the offense, including, "Throughout this time, from 21 January through 31 January 1979, this 1978 Toyota automobile was of a value of $3,425.00." The factual issue litigated was simply whether he could be found guilty of an offense under Article 121, Code, *supra*, where he shared the cost of leasing it, but was advised by the leasing agency that he could not drive it because of his age. The accused's testimony on the issue makes it clear that the car was operable and undamaged at the time he started driving it and continued to be operable for the ten days he continued to drive it while he was absent without leave. As part of the instructions to the court-martial, the military judge advised the court that, to find the accused guilty of the lesser included offense of wrongful appropriation, they must find: "that the accused wrongfully took, obtained or withheld from the possession of the true owner . . . the automobile described in the specification."

■ Ordinarily, a military judge is also required to instruct the members that they must find that the value of the object wrongfully appropriated was that which is stated in the specification, a lesser value, or "some value." *Manual for Courts-Martial*, 1969 (Rev.), paragraph 200*b*. It was thus error for the trial judge to omit this element from his instructions to the members. MCM, *supra*, paragraph 73*a*; *United States v. Peterson*, 2 U.S.C.M.A. 645, 10 C.M.R. 143 (1953). However, the value of the vehicle, $3,425, was agreed to by the accused and counsel in the stipulation of fact. In addition, the accused's testimony made it manifest that the vehicle was in operating condition when he wrongfully appropriated it, which is further unrebutted evidence that it had some value.[1] We view both the stipula-

1. *United States v. May*, 3 U.S.C.M.A. 703, 14 C.M.R. 121 (1954).

tion[2] and the accused's testimony as judicial admissions which eliminate any possibility of prejudice stemming from the lack of instruction on value. *United States v. Carson*, 15 U.S.C.M.A. 407, 35 C.M.R. 379 (1965); *United States v. Johnson*, 15 U.S.C.M.A. 384, 35 C.M.R. 356 (1965); *United States v. Alcantara*, 39 C.M.R. 682 (A.B.R. 1968), aff'd, 18 U.S.C.M.A. 372, 40 C.M.R. 84 (1969). Therefore, no remedial action is necessary.

█ In another assignment of error, appellate defense counsel assert that since the military judge instructed the court as to the maximum permissible punishment but did not elaborate upon the various forms of punishment *less* than the maximum permissible, the court-martial received inadequate instructions for their sentence deliberations. It is true that if a court-martial is not instructed that a reduction in grade is permissible, they may not include a reduction in the sentence adjudged. *United States v. Crawford*, 12 U.S.C.M.A. 203, 30 C.M.R. 203 (1961). It would be anomalous, however, to rule that *lesser* forms of punishment may not be adjudged where the members of a court-martial were not instructed as to their permissibility as this would undoubtedly result in more severe sentences. The Manual for Courts-Martial, *supra*, paragraph 76*b*(1), makes provisions for advising the members of the maximum punishment but does not require instructions for lesser. In view of the variety and possible combinations of punishments less than the maximum, the absence of an authoritative requirement for additional instructions, and the absence of a request by trial defense counsel for further instructions on lesser punishments, we are loathe to require instructions on all lesser punishments in every case. We prefer to rely upon counsel to suggest additional instructions, and the military judge to adopt those which are fit and appropriate for the case at hand.[3] See *United States v. Wheeler*, 17 U.S.C.M.A.

274, 38 C.M.R. 72 (1967); *United States v. Rake*, 11 U.S.C.M.A. 383 (1960). We find no error.

Appellate defense counsel assert as their final assignment of error that the argument of trial counsel prior to sentence was improper. The language in question follows:

I spoke a moment ago of deterring others from committing similar offenses. The government asks that you tailor the punishment to the accused and to the crimes of which he has committed. You should also keep in mind, however, that the deterrent effect your decision will have on other airmen who might be predisposed to commit like offenses, *each of you has an obligation to not only render an appropriate sentence, but one which will warn others that if they commit similar acts, they will suffer foreseeable consequences.* (Emphasis supplied).

In a recent unpublished decision by this court, *United States v. Gonzales*, 7 M.L.R. 2511 (A.F.C.M.R. 24 September 1979, we held almost identical language to be violative of the injunctions of *United States v. Mosely*, 1 M.J. 350 (C.M.A.1976) and *United States v. Ludlow*, 5 M.J. 411 (C.M.A.1978). We reasoned, "[t]his language, absent corrective instructions from the military judge, could well have been interpreted by the members of the court to increase an otherwise appropriate sentence to serve as a deterrent to others."

Appellate government counsel express concern in their brief that *Gonzales* overrules our decision in *United States v. Jenkins*, 7 M.J. 504 (A.F.C.M.R.1979), pet. den., 7 M.J. 328 (C.M.A.1979). In *Jenkins*, we found the deterrence argument of counsel "was neither urged as the primary fact justifying the punishment nor in any other way overemphasized," and, considering the entire record, that it had no significant impact upon the sentencing process. *United States v. Jenkins, supra* at 506. The

---

2. Manual for Courts-Martial, 1969 (Rev.), paragraph 154*b*(1).

3. Although we do not consider Appellate Exhibit VI, the Sentence Worksheet, to be a substitute for instructions from the military judge, we note that it sets out lesser alternative punishments and was used by the members of the court in this case.

argument of trial counsel in the present case, as in *Gonzales*, uncorrected by the military judge, encouraged the members of the court-martial to consider the deterrent effect of their sentence *independently*. This flies in the face of the language of Judge Fletcher, who explained in *United States v. Varacalle*, 4 M.J. 181, 183 (C.M.A. 1978):

> There is a critical distinction between an enlargement of a sentence for the purpose of general deterrence only without consideration for the particular accused, and the sentencing authority saying as to this individual with all the matters peculiar to him, we make an example of him and all others like him so disposed.

We view the statement of this trial counsel to fall within the first categorization of arguments, as it would enlarge the sentence resulting after consideration of all the particularities of this accused and the circumstances of the offenses. Our finding that the argument was improper requires that we test for prejudice to this accused. For offenses of wrongful appropriation of a motor vehicle, two wrongful uses of volatile intoxicants and a ten day absence without leave, the accused was sentenced to bad conduct discharge, two months' confinement at hard labor and a total of $400.00 in forfeitures. After disapproving one of the wrongful uses of intoxicant offenses, the supervisory authority approved only the discharge and confinement. We find the sentence approved to be appropriate under all the circumstances of this case.

The findings of guilty and the sentence are

AFFIRMED.

ARROWOOD and MILES, Judges, concur.

UNITED STATES

v.

Airman First Class Michael G. PAWLYS-CHYN, FR 282–64–5671, United States Air Force.

ACM 22603.

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Sept. 1979.

Decided 17 April 1980.

