UNITED STATES, Appellee,

v.

Ronny L. McCOLLUM, Private, U. S. Army, Appellant.

No. 40426,
CM 15241.

U. S. Court of Military Appeals.

May 24, 1982.

For Appellant: *Captain Dennis E. Brower* (argued); *Colonel Edward S. Adamkewicz, Jr., Major James F. Nagle* (on brief); *Major Raymond C. Ruppert.*

For Appellee: *Captain Thomas E. Booth* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Major Paul G. Thomson* (on brief).

## OPINION OF THE COURT

COOK, Judge:

This case concerns the sufficiency of the Government's pleadings alleging extortion. 11 M.J. 151 (C.M.A.).

Appellant was tried by a special court-martial composed of officer and enlisted

members at Conn Barracks, Schweinfurt, Germany. Contrary to his pleas, he was convicted of one specification of assault and two specifications of extortion, in violation of Articles 128 and 127, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 927, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $299 pay per month for 4 months, and reduction to the grade of E–1. The convening authority approved the sentence, and the Army Court of Military Review affirmed in a short-form opinion.

## I

The Government's case consisted of the testimony of the two victims, Private Merrill and Private First Class Flores. Merrill shared a room in the barracks with a soldier named Alexander. One morning after there had been a party in the room the previous night, Merrill found a "bowl"—a hashish smoking device—in the room. Merrill hid the bowl on a ledge behind Alexander's stereo. Discovering it there, Alexander confronted Merrill, who denied that it was his intent to "plant" it there and maintained that he had just put it there until he could get rid of it. Jones, a friend of Alexander, threatened to do something about the matter if Alexander did not.

Several days later, in the late evening, Merrill and his friend Flores were induced to enter the unit classroom because "someone wanted to talk to [Merrill]." There, they were confronted by approximately nine hostile soldiers, including appellant but not Alexander. Merrill and Flores were accused of being "narcs"; they were threatened, and then beaten. Flores made private accommodations with the ringleader, Meers, (he gave Meers a "con story"), and was thereafter left alone. Merrill held out longer and suffered proportionately. Ultimately, Meers wrote out a statement and ordered Merrill to copy it in his own hand. The statement amounted to a confession that Merrill was a "narc" and worked for the first sergeant. In addition, Jones ordered Merrill to write that he had "planted" the "bowl" in Alexander's area. Merrill was then beaten until he complied.

Merrill recalled that appellant at one point left the room, on Meers' instructions, and returned with a wet towel, which Meers used to beat them. Appellant then stood watch outside the door, while the beatings ensued. On at least one occasion, appellant returned to the room briefly.

Flores, on the other hand, was suffering the consequences of excessive alcohol consumption and was less aware of his environment. He did not know who had fetched the towel or that appellant stood guard at the door. He did recall seeing appellant on several occasions during the incident, but his attention was directed principally at Meers. Neither victim indicated that appellant personally threatened or struck them, and the record makes clear that he was convicted as a principal.

After the episode, Meers threatened to use the statement against Merrill if Merrill told anyone what had happened there that night.

## II

The extortion specifications allege that appellant "did ... with intent unlawfully to obtain statements against the interests of ... [Merrill and Flores] ... communicate to ... [Merrill and Flores] a threat to cause ... [them] bodily harm." During a pretrial hearing, trial defense counsel moved to dismiss the extortion charge and its specifications for failure to state an offense. Trial defense counsel argued that the Government had failed to allege that appellant intended to obtain something of value. The Government countered that appellant need only have intended to obtain an advantage, and that the Government would prove that obtaining statements against the witnesses' interests constituted an advantage. The military judge denied the motion without comment, and the defense made no further motions.

## III

Article 127 (Extortion) condemns the communication of "threats to another per-

son with the intention thereby to obtain anything of value or any acquittance, advantage, or immunity." Similarly, the Manual for Courts-Martial lists the elements of extortion as:

(a) That the accused communicated certain threats to another, as alleged; and (b) that he intended to unlawfully obtain something of value, or any acquittance, advantage, or immunity, as alleged.

Para. 206, Manual for Courts-Martial, United States, 1969 (Revised edition). The discussion in paragraph 206 preceding the elements asserts that "[a]n intent to obtain any advantage or immunity may include an intent to make a person do an act against his will." *

■ Our rule has been that a specification which does not allege every essential element of an offense charged is fatally defective. *United States v. Fleig*, 16 U.S.C. M.A. 444, 37 C.M.R. 64 (1966); *United States v. Petree*, 8 U.S.C.M.A. 9, 23 C.M.R. 233 (1957). The specification need not aver the elements expressly, but it must do so at least by necessary implication. *United States v. Fleig, supra; United States v. Reid*, 12 U.S.C.M.A. 497, 31 C.M.R. 83 (1961). In the instant case, it is plain that the element of value or advantage was not expressly alleged. The question is whether the element was alleged by necessary implication.

■ It is said that we have moved away from the "cynically technical approach which formerly enshrouded the consideration of even the plainest and simplest indictments, and, in many instances, made a mockery of simple justice . . . ." *Parsons v. United States*, 189 F.2d 252, 253 (5th Cir. 1951). *See United States v. Markham*, 537 F.2d 187, 192 (5th Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). There is no requirement that a specification track the language of the statute, so long as the essential elements of the offense are sufficiently charged. *United States v. Weatherspoon*, 581 F.2d 595, 600

(7th Cir. 1978); *United States v. Berlin*, 472 F.2d 1002, 1007 (2nd Cir. 1973), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973). Furthermore, merely formal defects which are not prejudicial to an accused will not invalidate pleadings. *United States v. Simpson*, 2 U.S.C.M.A. 493, 495, 9 C.M.R. 123, 125 (1953); *United States v. Marker*, 1 U.S.C.M.A. 393, 400, 3 C.M.R. 127, 134 (1952). However, despite these erosions, we have not retreated from the requirement that every element of an offense must be alleged directly or by fair implication. *See United States v. Mayo*, 12 M.J. 286, 288 (C.M.A.1982).

■ Finding no precedents exactly on point, we turn to the larceny cases, which offer perhaps the closest analogy to the instant facts. Value is an essential ingredient of larceny, and a specific value is normally both pleaded and proven. Para. 200a (7), Manual, *supra; United States v. Peterson*, 2 U.S.C.M.A. 645, 10 C.M.R. 143 (1953). However, we have held that, where any reasonable person would be compelled to conclude that the articles taken had some value, the omission of an allegation of specific value is not fatal to a conviction for that offense. *United States v. Tamas*, 6 U.S.C.M.A. 502, 20 C.M.R. 218 (1955); *United States v. Johnson*, 3 U.S.C.M.A. 706, 14 C.M.R. 124 (1954); *United States v. May*, 3 U.S.C.M.A. 703, 14 C.M.R. 121 (1954). By the same logic, the element of value or advantage in an extortion specification should be sufficiently alleged if any reasonable person would be compelled to conclude that the object of the extortion (here the "statements against interest") had some value or constituted some advantage. What then is "value" or "advantage"?

■ In contract law, consideration for a contract need "have no necessary reference to material advantage or disadvantage to the parties, or to any actual pecuniary gain or loss." 17 Am.Jur.2d, Contracts § 96 (footnotes omitted). In *United States v.*

---

* Of course, the Manual discussion is not sufficient to increase the scope of the codal proscription. *See* Uniform Code of Military Jus-

tice, Index and Legislative History, Senate Hearings 277–78; *cf.* D.C.Code § 22–2305.

*Zouras*, 497 F.2d 1115, 1121 (7th Cir. 1974), a witness' testimony was considered a "thing of value," for purposes of the Federal statute which prohibited extortion of "money or [any] other thing of value." Moreover, "value" in larceny can be "thieves value." *United States v. Gordon*, 638 F.2d 886, 889 (5th Cir. 1981), *cert. denied*, 452 U.S. 909, 101 S.Ct. 3038, 69 L.Ed.2d 411 (1981). Even urine has been found to have value. *United States v. Batiste*, 11 M.J. 791 (A.F.C.M.R. 1981). Thus "value" is a broad concept; so too, we think, is "advantage."

■ In the instant case, we recognize that the statements sought would be unlikely to achieve the exonerating effect evidently intended. In addition, Merrill's statement, being false, had little intrinsic value. Nevertheless, the advantage to appellant and his cohorts, through the threat of dissemination to the peer group (and considering the attendant social stigma and possible further abuse which might attach to the victims) was significant. Certainly the participants themselves believed the statements had value, in view of the efforts exerted on the one hand to obtain them and the resistance on the other.

Therefore, we are satisfied that the statements sought had some "value" or "advantage," and we hold that such an element was fairly implied in the specifications. Further, we are satisfied that the specifications adequately apprised appellant of what he had to meet and protected him from double jeopardy.

■ Undoubtedly, it would have been preferable if the military judge had ordered the specification amended to expressly allege this element. Merely adopting a "form specification" from the Manual for Courts-Martial does not guarantee a legally sufficient pleading. *United States v. Strand*, 6 U.S.C.M.A. 297, 301, 20 C.M.R. 13, 17 (1955). However, appellant did not request such amendment, and we conclude that no prejudice resulted in the circumstances.

1. Contrariwise, when there is unwarranted delay in challenging the sufficiency of a charge, there can be greater judicial tolerance of flaws.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Judge FLETCHER concurs.

EVERETT, Chief Judge (concurring in part and dissenting in part):

Recently, in *United States v. Mayo*, 12 M.J. 286 (C.M.A.1982), we reaffirmed that a specification is not legally sufficient if it omits an element of the offense. Consistent with that opinion I cannot now uphold the present specification insofar as it seeks to allege extortion, in violation of Article 127 of the Uniform Code of Military Justice, 10 U.S.C. § 927.

The definition of extortion in some statutes includes a threat "with intent . . . to compel the person so threatened to do any act against his will." *See Furlotte v. State*, 209 Tenn. 122, 350 S.W.2d 72, 74 (1961) (discussing T.C.A. § 39–4301, Threats and Extortion). Under such language the specification in the case at bar would be adequate. On the other hand, Article 127 requires communication of a threat to another "with the intention thereby to obtain anything of value or any acquittance, advantage, or immunity." The evidence offered at trial was sufficient to demonstrate that there was some "value" or "advantage" to appellant in obtaining the statements of Merrill and Flores, the two alleged victims. However, this proposition was not alleged, and to assert that a statement is against the interest of someone else does not of itself imply that the statement would be of value or advantage to an accused. Of course, I especially hesitate to strain the language of a charge beyond its customary meaning when, as here, defense counsel registered a prompt and proper objection to the defect at the beginning of trial.[1]

The defective specification clearly sufficed to allege communication of a threat, in violation of Article 134, 10 U.S.C. § 934, and I would affirm a conviction of that

*Cf. United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953).

offense. The maximum punishment therefor—dishonorable discharge, 3 years' confinement, and total forfeitures—is the same as is authorized for extortion. *See* para. 127c, Section A, Manual for Courts-Martial, United States, 1969 (Revised edition). Accordingly, since appellant was tried by special court-martial, the defect in the specification did not prejudice him as to his sentence, which I would affirm. However, an accused also has the right to be protected against findings of guilty which are not correct in law; and in the present case, convicting appellant of extortion when he had not been adequately charged therewith violated that right. *United States v. Mayo, supra.*

Perhaps Congress will choose to amend Article 127 to encompass threats with the intent to compel another to perform an act against his will. Until that takes place, the present statutory language should be applied according to its terms.