## UNITED STATES

v.

### James Warren KINARD, 249 17 2783, Boiler Technician Second Class (E–5), U.S. Navy.

### NMCM 82 3619.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 13 April 1982.

Decided 21 April 1983.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Judy A. Jacobson, JAGC, USNR, Appellate Defense Counsel.

LT Anita M. Fulton, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, Chief Judge, and GORMLEY and MIELCZARSKI, Judges.

GORMLEY, Judge:

Appellant was tried by general court-martial, comprised of officer members, for violating Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. Contrary to his pleas, he was found guilty of the larceny charge and was sentenced to confinement at hard labor for 6 months, reduction to the lowest enlisted pay grade (E–1), and to be discharged from the naval service with a bad conduct discharge. Appellant posits seven errors for consideration by this Court. Our disposition of assign-

---

ment II renders consideration of the others unnecessary.

## II

**FORMER JEOPARDY PRECLUDED APPELLANT'S SECOND TRIAL BECAUSE THERE WAS NO MANIFEST NECESSITY FOR THE GOVERNMENT TO WITHDRAW THE CHARGE AND SPECIFICATION, AFTER IT HAD RESTED ITS CASE, SINCE THE ORIGINAL SPECIFICATION WAS NOT FATALLY DEFECTIVE AND HAD NOT BEEN ATTACKED BY THE DEFENSE.**

At appellant's first trial, the specification alleging larceny of various brass items on board Naval Base, Charleston, South Carolina, had been amended by trial counsel prior to trial by deleting several of the allegedly stolen items and the words "the property of the U.S. Navy." After the Government had presented its evidence on the merits, the military judge announced that he felt that the specification was fatally defective. During a recess of the court-martial, he pointed this out to both the trial and defense counsel. At a subsequent Article 39 (a), UCMJ 10 U.S.C. § 839(a), session, defense counsel objected both to amendment and to withdrawal of the specification. The trial counsel consulted with the convening authority who directed withdrawal of the specification. The Charge and amended specification were re-referred to a second court-martial at which defense counsel argued that former jeopardy precluded the second trial because there was no necessity to withdraw the specification at the first trial since the military judge had been incorrect in determining that the specification was fatally defective.

 Although the Charge and the specification at the first trial, as amended, no longer contained the words, "the property of the U.S. Navy," ownership in the United States Government was obvious by "fair implication." *See United States v.*

*McCollum,* 13 M.J. 127 (C.M.A.1982).[1] The other elements of a larceny charge under Article 121, UCMJ, were extant in the specification. Accordingly, we find that the specification was legally sufficient. There was no manifest necessity or good cause in the interest of justice which required the Government to withdraw the specification after it had rested its case. *See* Paragraph 56a, *Manual for Courts-Martial, 1969 (Rev.).* The Government had gone forward and fully presented its case-in-chief. Rather than risk the military judge ruling for the defense, finding the specification did not allege an offense, the prosecution, over adamant defense objection, sought from the convening authority, and was granted withdrawal of the specification and a re-referral. The defense does not bear any burden in the administration of the Government's case, and indeed should not. *United States v. Pounds,* 23 U.S.C.M.A. 153, 48 C.M.R. 769 (1974). The ill-begotten assertion of the military judge that the specification might be defective and the convening authority's withdrawal and re-referral were prejudicial to appellant. Former jeopardy attached and the second trial was legally prohibited.

Accordingly, we set aside the findings and sentence and order the Charge and specification dismissed. All rights, privileges, and property of which appellant has been deprived by virtue of the findings of guilty and the sentence will be restored.

Chief Judge CEDARBURG and Judge MIELCZARSKI concur.

---

1. It is further obvious that appellant was not misled by the specification because of the lack of a defense challenge to it and his affirmative act of stipulating that the property was Government property.