**UNITED STATES, Appellee,**

v.

**Sergeant First Class Constantino ZACCHEUS, 521–70–5555, United States Army, Appellant.**

**ACMR 8901560.**

U.S. Army Court of Military Review.

11 Oct. 1990.

* Acting Chief Judge Walter K. Myers took final action on this case prior to his retirement.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Jay S. Eiche, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Martin D. Carpenter, JAGC, Major Thomas E. Booth, JAGC USAR, Captain James K. Reed, JAGC (on brief).

Before FOREMAN, HAESSIG and GRAY, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of carnal knowledge on divers occasions with his daughter, and obstruction of justice by sending his daughter to Panama in an attempt to impede investigation of the allegations against him, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (1982). The approved sentence provides for confinement for three years and reduction to Private E1.

### I

The appellant contends that the military judge abandoned his impartial role "by repeatedly aiding the prosecution in laying the proper foundation for evidence." The trial counsel, obviously inexperienced, encountered defense objections on foundational grounds throughout the trial. Usually, she was able eventually to lay the necessary foundation. Near the end of the lengthy prosecution case, the defense objected to the lack of foundation for the testimony of a serologist who examined fluids from the victim's clothing. The military judge told the trial counsel, "Lay the foundation." She apparently did not understand the nature of the defense objection and continued her questioning. Again the military judge sustained a defense objection. The assistant trial counsel then told the military judge in a side-bar conference that the prosecution was uncertain how to proceed. The military judge responded, "I can't tell you how to do this," but he volunteered that, "You've got to demonstrate, basically, what this man was working on and why he was working on it, and how it was relevant to this case." The trial counsel then established the chain of custody but again encountered a defense objection, to which the military judge responded by telling the trial counsel, "You need a few more questions to tie it all up here, counselor." The trial counsel asked several more foundation questions and asked the expert, "You received some items of clothing?" to which the defense again objected on foundational grounds. The military judge then commented "we'll be here for the rest of our lives here at this

rate," and asked several questions establishing that the witness had examined clothing obtained from the victim.

 The military judge must conduct himself with impartiality and may not assume the role of advocate or partisan. *United States v. Payne*, 31 C.M.R. 41 (C.M.A.1961). A military judge commits reversible error by becoming an advocate. *United States v. Shackleford*, 2 M.J. 17 (C.M.A. 1976). The test for determining whether the military judge has become an advocate is subjective and must consider the totality of the circumstances. *United States v. Reynolds*, 19 M.J. 529 (A.C.M.R.1984), *aff'd*, 24 M.J. 261 (C.M.A.1987). The military judge is required to exercise "reasonable control" over the proceedings and should "prevent unnecessary waste of time and promote the ascertainment of truth." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 801(a)(3) discussion [hereinafter R.C.M., 1984]. Occasional suggestions to counsel who are unsure how to proceed are not unusual and do not in themselves make the military judge a partisan advocate. *Payne*, 31 C.M.R. at 48; *United States v. Felton*, 31 M.J. 526 (A.C.M.R.1990).

 In the case before us we find that the military judge did not become a partisan advocate. Throughout the prosecution case the military judge held the trial counsel to the requirements of the law. When he finally intervened, it was to prevent further fumbling and waste of the court's time on a procedural matter involving obviously relevant and admissible evidence. We hold that the assignment of error is without merit.

## II

 The appellant also contends that the military judge erred by denying the motion to dismiss the specification alleging obstruction of justice for failing to state an offense under Article 134, Uniform Code of Military Justice. The specification in question alleges that the appellant did:

[W]rongfully endeavor to impede an investigation in the case against himself by transporting a government witness,

[L.Z.], to the airport and causing her to leave the United States by placing her on a flight to the Republic of Panama with the intent that she reside in the Republic of Panama for several months or until the investigation in the case against him was finished.

The appellant argues that the specification is defective because it fails to allege the criminal nature of the investigation and its relation to a proceeding under the Uniform Code of Military Justice.

The test of the sufficiency of a specification is not whether it could be made more definite and certain, but whether it contains the elements of the offense charged, enables the accused to prepare his defense and protects the accused from further prosecution. *United States v. Sell*, 11 C.M.R. 202 (C.M.A.1953). The specification need not allege the elements expressly, but must do so at least by necessary implication. *United States v. McCollum*, 13 M.J. 127 (C.M.A.1982).

In the case before us, the appellant's counsel admitted on the record that he had adequate notice to prepare a defense. We find that the specification is sufficient to allege, by fair implication, that the appellant knew or had reason to believe that there would be criminal proceedings against him and that he transported his daughter out of the country to obstruct those proceedings. Manual for Courts–Martial, United States, 1984, Part IV, paragraph 96b. We hold that the failure to allege that "the case against him" involved a violation of the Uniform Code of Military Justice is not fatal.

## III

 Finally, the appellant contends that he was denied a fair trial by the trial counsel's comments on the appellant's invocation of his right to counsel. In her opening statement, the trial counsel stated that a CID agent was expected to testify that the appellant terminated an interview by stating that he would explain certain questions to his lawyer. The military judge responded to the appellant's request for a

mistrial by instructing the court members that opening statements are not evidence. After the CID agent testified, the military judge ordered his entire testimony stricken and instructed the court members on two separate occasions to disregard it entirely. The military judge offered to repeat the instruction during his instructions on findings, but acceded to the defense request that the court members not be reminded of the stricken testimony.

A mistrial is not required in every case where the members are exposed to inadmissible evidence. The preferred remedy for inadmissible evidence is to strike the evidence and instruct the court members to disregard it. *United States v. Garrett*, 24 M.J. 413 (C.M.A.1987). We hold that the military judge's instructions to the members in this case cured the error.

We have considered the issues raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find that they are without merit.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge GRAY concur.