BARR, Judge:
In addition to the offenses alleging unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, appellant was arraigned upon the following Charge and specification:
Additional Charge I: Violation of the Uniform Code of Military Justice, Article 85.
Specification: In that Aviation Maintenance Administrationman Third Class Robert Gene Lee, U.S. Navy, Naval Station, San Diego, California, on active duty, on or about 10 September 1981, and with intent to remain away therefrom permanently, absent himself from his unit, to wit: Naval Station, San Diego, California, and did remain so absent in desertion until on or about 8 June 1988.
This sworn Additional Charge as drafted was received by an officer exercising summary court-martial jurisdiction on 8 March 1982. The date of trial was 8 December 1983.
At trial, appellant, through counsel, entered his plea to this Charge in the following words:
To the specification of the Additional Charge I: Guilty, except for the words, ‘and with intent to remain away therefrom permanently,’ and the words, ‘in desertion.’ To the excepted words not guilty. To Additional Charge I, a violation of Article 85 of the Uniform Code of Military Justice: Not guilty, but guilty to the lesser included offense, a violation of Article 86, of the Uniform Code of Military Justice.
Having received this plea, the military judge commenced his inquiry into the providence thereof, which included a recital of the elements of the plea to unauthorized absence. Prior to discussing the factual basis for the offense with appellant, the military judge called to the attention of counsel the fact that the specification did not allege the word “did” after the phrase “on active duty.” The defense counsel then indicated his intention to amend his plea by exceptions and substitutions, but expressed his confusion as to how to technically insert the word “did” into the amended plea. A recess was called by the military judge to enable the defense counsel to consider the manner of entering the intended plea. When the court reconvened, the trial counsel indicated to the court that the Government, with the consent of the defense, desired to amend the specification to insert not only the omitted word “did,” but also the phrase “without proper authority” following the statement of the alleged commencement date. The defense expressed no objection to this procedure. The military judge, operating under the belief that the amendment resulted in an unsworn charge being placed before the court, advised appellant of his rights under Paragraph 29e, Manual for Courts-Martial, 1969 (Rev.) (MCM) — right to not be tried on unsworn charges — and Article 35, UCMJ, 10 U.S.C. § 835 — right not to be tried within three days of having sworn charges served upon him — and obtained appellant’s conscious and knowing waiver of both rights. The trial thereafter proceeded through the providence inquiry to the announcement of the findings, which included a finding of guilty of the underlying unauthorized absence offense contained within the aforementioned desertion charge. The sentence of the court extended to a bad conduct discharge, confinement at hard labor for 45 days, forfeiture of $382 pay per month for two months, and reduction to pay grade E-l. Pursuant to a pretrial agreement, the convening authority approved the sentence, but suspended all confinement in excess of 30 days.
Before this Court, appellant now asserts the following assignment of error:
THE MILITARY JUDGE ERRED BY FAILING TO ADVISE APPELLANT OF HIS RIGHTS TO ASSERT THE STATUTE OF LIMITATIONS AS A BAR TO TRIAL FOR ADDITIONAL CHARGE I.
Appellant’s contention is predicated upon the following line of reasoning: The charge and specification alleging desertion did not contain the words “without authority” and, thus, did not state an offense. The pur *444 ported attempt, on 8 March 1982, to toll the statute of limitations as to that offense was therefore invalid and of no legal consequence. The amendment at trial of inserting the words of criminality — “without authority” — resulted in an unsworn and unreceipted for charge as to which the period proscribed by the statute of limitations had passed. The military judge, under these circumstances, was required by Paragraph 68c, MCM, to advise appellant of his right to assert the statute as a matter in defense. His failure to do so requires reversal.
Though not articulated in appellant’s brief, a second proposition based on the recited facts could be stated: Assuming that the charge of desertion as alleged did state an offense, the plea, by excepting out the words of desertion, was to a specification that did not state an offense. The subsequent amendment offered by the trial counsel, resulting in the insertion of the words “without authority,” had the effect of placing before the court an unsworn and unreceipted for charge as to which the statute of limitations had run. The remainder of the argument follows that explicated within the assertion of error as briefed.
The starting point for our resolution of this issue is a consideration of the specification as drafted for referral. Form specification 9, Appendix 6c at A6-5, MCM, sets forth the core language of a desertion allegation. That sample specification includes the language “did ... without authority and with intent to remain away therefrom permanently, absent himself ...” (Emphasis added). This format certainly suggests the inference that the phrase “without authority” must be pleaded in an Article 85, UCMJ, 10 U.S.C. § 885, offense. If ritualistic adherence to form controlled our decision, we would be pressed to agree with appellant that the specification of Additional Charge I did not allege the offense of desertion, as the words “without authority” were not included within the allegation.
United States v. Fout, 3 U.S.C.M.A. 565, 13 C.M.R. 121 (1953), relied upon by appellant, holds that a specification which alleges an absence, without including any words importing a lack of authority, fails to state an offense. The initial question, therefore, becomes whether the specification in this case, which purports to allege the offense of desertion, implicitly connotes, within its language, that the underlying absence was without authority. If there exists no such implicity, appellant must prevail.
We above referred to the inference which obtains from a reading of sample form specification 9 — that “without authority” must be pleaded in a specification alleging desertion. While application of this inference would seem to imply the soundness of appellant’s contention, we do not believe such a facial reading would be a complete inquiry into the subject, absent its submission to the scrutiny of the historical origins of Article 85, UCMJ.
The drafters of the UCMJ were unambiguous in declaring that, in adopting Article 85, they were doing no more, and no less, than consolidating all provisions relating to desertion then extant under the Articles of War (AW) and the Articles for the Government of the Navy (AGN).[1] AW 58 proscribed the offense of desertion in these words:
Any person subject to military law who deserts or attempts to desert the service of the United States shall, if the offense be committed in time of war, suffer death or such other punishment as a court-martial may direct, and, if the offense be committed at any other time, any punishment, excepting death, that a court-martial may direct.
The sample specification for desertion provided in Appendix 4 of the Manual for Courts-Martial, U.S. Army, 1949 (MCM, U.S. Army, 1949), suggested the following format as a guide for drafting a legally sufficient allegation:
6. In that _ did, at _on or about_19-, desert the service of the United States, and did remain absent in desertion until he (was apprehended) (surrendered him *445 self) at_, on or about 19__
It is to be noted that neither the language of AW 58 nor the sample specification included the phrase “without authority.” By contrast, AW 61, in setting forth the offense of absent without leave, and form specification 15, Appendix 4, MCM, U.S. Army, 1949, incorporated the words “without proper leave” as part of the definition and pleading of that offense.
In the discussion of desertion in Paragraph 146, MCM, U.S. Army, 1949, the following definition is provided:
Desertion is absence without leave accompanied by the intention not to return
The same definitions, conforming sample specifications, and treatment are evidenced in Sections 76 and 79, Naval Courts and Boards, 1937, and Articles 4(6), 8(21), and 10, AGN.
One final source of reference in our search for the meaning of the terms “desert” and “desertion” is Colonel William Winthrop’s Military Law and Precedents.[2] In his discussion of the offense of desertion, within the context of the statute of limitations, Colonel Winthrop stated:
Thus, in the view of the author, a desertion is, as a legal offence, committed but once, being complete and consummate on the day on which the soldier quits the service with the animus non revertendi; the “continuing offence” thereafter committed being not the desertion but the simple minor offence of absence without leave involved in it, and which of course continues till the deserter’s apprehension or voluntary return.[3]
Later in his treatise, Colonel Winthrop explored the definition of the term “desertion:”
DESERTION DEFINED: A deserter is one who absents himself from his regiment, or military station or duty, and from the service, without authority, and with the intention of not returning. The offence of desertion thus consists of the minor offence of absence without leave coupled with and characterized by a deliberate purpose not to rejoin the military service but to abandon the same altogether, or at least to terminate and dissolve the existing military status and obligation, i.e. the pending contract of enlistment. It is thus the animus non revertendi, which is the gist and essential quality of the offense.[4]
It is noted that the form specification for desertion recommended by Colonel Winthrop, at page 1017 in his treatise, did not require that the phrase “without authority” be averred.
This abbreviated foray into the historical antecedents of Article 85, UCMJ, compels the conclusion that the offense of desertion proscribed by that Article, as intended by the drafters of the UCMJ, was substantively the identical offense made punishable under the Articles of War and the Articles for the Government of the Navy. Under those codes, “desertion” and “deserts” were terms of art, the mere statement of which necessarily and implicitly included the requirement that the absence contained within be without authority. That concept obtains under the existing Article 85, UCMJ. We therefore, conclude that a specification which alleges that a member of the service “did desert” his unit is the equivalent of alleging that the member did “without authority and with intent to remain away therefrom permanently absent himself ...” from his unit.
Unfortunately, the specification in issue, as originally referred, is so inartfulJy drafted that a simplistic application of the above principle will not suffice. As noted above, the specification alleged that appellant did “absent himself from his unit” and “with intent to remain away therefrom permanently.” The only mention of the words “deserts” or “desertion” is contained in the clause describing the date of termination, *446 i.e., “and did remain so absent in desertion until or or about 8 June 1983.” The question thus becomes whether the specification, taken as a whole, and by its incorporation of the language “absent in desertion,” states an offense — that is, are words importing a want of authority for the clearly stated absence present within the specification.
The time-honored and well-established test for determining the sufficiency of a specification is enunciated in United States v. Sell, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953):
The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disre-" garded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a formal acquittal or conviction. Furthermore, when the pleadings have not been attacked prior to findings and sentence, it is enough to withstand a broadside charge that they do not state an offense, if the necessary facts appear in any form or by fair construction can be found within the terms of the specification. For a certainty, appellate tribunals should not permit a pleading to be challenged for the first time on appeal merely because it is loosely drawn.
The Sell test would appear to contain two separate rules, the application of which depends on when the challenge to the sufficiency of the specification is made. If the challenge is made prior to announcement of sentence, the three-prong test consisting of recitation of elements, notice of the nature of the allegation, and protection from double jeopardy must be met. Even though a challenge in the instant case was not made prior to the termination of the proceedings below, the requirement that the defect not be prejudicial to an accused still pertains. Therefore, for the purpose of determining whether prejudice exists, we apply the three-prong test. In doing so, we find that appellant was fully aware of the charge he was required to defend upon — the terms offered by appellant in his pretrial agreement, his guilty plea to the only recognized lesser included offense of desertion, and the manner in which the plea was entered leave no room for doubt on this point. Further, the underlying event described and the inclusive dates defined within the original charge, together with the finding of the court, provide appellant the immunity from trial guaranteed by Article 44, UCMJ, 10 U.S.C. § 844. The only prong which is weakly established is the recitation of the core elements of desertion. However, as noted, the term “desertion” has been historically and traditionally treated as necessarily embracing an underlying absence without authority. Additionally, no other offense known in military law contains the specific intent found in desertion — animus non revertendi. When we consider these principles as a whole, we find the phrase included within the drafted specification, to wit: “and did remain so absent in desertion,” when coupled with the phrase “with intent to remain away therefrom permanently,” to adequately state the elements requisite to a charge of desertion. It certainly cannot be contended that these phrases describe an innocent act. The focus of the specification definitely conveys an averment importing a want of authority for the absence. Thus, under the first test of Sell, the specification as referred did, as a matter of law, state the offense of desertion. Prejudice to appellant does not exist.
Even were we to voice reluctance in finding the elements sufficiently set forth under the three-prong test which is to be applied during trial, our inquiry would not be ended. The challenge to the sufficiency of the specification has surfaced for the *447 first time during the pending appellate litigation. It is in this posture that we apply the second test — the appellate test — enunciated in Sell. Any fair construction of the pleading compels the conclusion that the necessary facts — commencement and termination dates of an absence, the specific intent requisite to desertion, and the allegation that the absence was in the status of desertion, thus importing a want of authority — appear and are found within the terms of the specification. The specification, therefore, also passes the appellate test set forth in Sell.
United States v. Bondar, 2 U.S.C.M.A. 357, 8 C.M.R. 157 (1953), cited by appellant in his response brief, is distinguishable from the present case on four separate grounds: (1) The question of law at issue in Bondar, whether the word “quits” does, or does not, implicitly connote within its meaning, the concept of “without authority,” is dissimilar from that presented in the instant case; (2) The language in that opinion that “(i)f ‘quits’ equals absence alone, then a specification alleging desertion with intent to shirk important service contains no allegation of unauthorized absence ...,” was not essential to reach the result obtained; (3) As the decision in Bondar did not discuss the import of the phrase “did remain so absent in desertion,” it is not clear whether a consideration of those active words would have had a tempering effect upon the language quoted in (2) above; and, (4) Bondar was decided prior to the enunciation of the Sell test for determining the sufficiency of a specification. As such, we can infer that a more rigid standard was applied in Bondar. To mechanistically apply the quoted language from Bondar to the question of law at issue in the present case, as suggested by appellant, would accomplish two negative results: (1) It would portend, if not be consummate evidence of, a return to the “rigor of old common-law rules” of pleading denounced in Sell, as it would necessitate that we ignore what is made clear by the specification read as a whole and determine only whether a “form” specification, offered by its drafters merely as a guide, was stringently copied in emulation of its antiquarian pleading model; and, (2) It would render the trial and appellate tests propounded in Sell nugatory. We refuse to accommodate the pursuit of either result.
The offense of desertion being stated within the language of the specification, the statute of limitations as to that offense was properly tolled within the meaning of Article 43(c), UCMJ, 10 U.S.C. § 843(c). There was thus no necessity for the military judge to advise appellant of his rights in this regard as to the lesser included offense of unauthorized absence.
Our conclusion that the specification stated an offense should not be read as a condonation of the reckless and wholly unprofessional draftsmanship amply evidenced in this case. Hours spent in preparation for and the conduct of appellate litigation and weeks of unnecessary delay in the processing of this case have been occasioned by a simple failure to copy a form pleading.
There remain two related questions of perhaps only academic interest in light of the disposition taken in this case: Was it necessary that the specification be amended at trial to add the words “without authority” in order to describe the offense of unauthorized absence, and, if so, did the amendment result in an unsworn charge being placed before the court? The first question must be answered in the affirmative. When the words alleging desertion were removed from the specification by plea to the lesser offense, the words importing a want of authority for the underlying absence were omitted, though the words should have been included to state a proper plea. The military judge could have required appellant to add the words “without authority” as a condition to entering his plea of guilty and could legally have refused to accept the guilty plea if appel *448 lant refused to so amend. See Paragraph 70a, MCM, concerning irregular pleading. The fact that the amendment was initiated by the trial counsel, with appellant’s consent, rather than directly by a plea “corresponding to permissible findings of included offenses” is, as a matter of substance, inconsequential. The amendment being made, an unsworn charge did not result. As the original charge referred was properly sworn to, a lesser offense conformed by amendment is necessarily also a sworn charge. A new offense was not created by virtue of appellant’s plea. Thus the second question is answered in the negative.
Accordingly, the findings and sentence as approved on review below are affirmed.
Senior Judge GREGORY and Judge MITCHELL concur.

. Index and Legislative History, Uniform Code of Military Justice, HH 1225.

. Our reference has been Winthrop’s Military Law and Precedents, 2d Ed., 1920.

. Winthrop, at 255.

. Winthrop, at 637.