COUGHLIN, Judge:
Pursuant to Article 62 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862, and in compliance with Rule of Court Martial 908(b), Manual For Courts-Martial, 1984 (MCM, 1984), and section 0131 of Interim Change to JAGINST 5800.-7B, Manual of the Judge Advocate General (JAGNOTE 5800 of 17 July 1984), the Government filed an appeal requesting this Court to reverse a ruling of the military judge that terminated the proceedings in this case upon granting the accused’s motion to dismiss the sole charge and specification under Article 85, UCMJ, 10 U.S.C. § 885.
*481 HISTORY OF THE CASE
On the 27th of April 1981, the accused, Seaman Recruit Ermitaño, allegedly deserted from his unit, the Naval Station, San Diego, California. On the 29th of October 1981, charges were preferred against SR Ermitaño and were received by the officer exercising summary court-martial jurisdiction. On the 10th of July 1984, the accused returned to military control and on the 1st of August 1984, he was referred to trial by special court-martial. Arraignment took place on the 7th of August 1984, at which time the accused moved to dismiss the charge and specification “because it contains a fatal defect” (R. 10). The military judge granted the motion over the objection of the Government. On the 8th of August 1984, the trial counsel provided the military judge with a notice of appeal.
STATEMENT OF FACTS
On 29 October 1981, a petty officer in the U.S. Navy preferred the following charge and specification:
Charge I: Violation of Uniform Code of Military Justice, Article 85 Specification: In that Seaman Apprentice FRANK Terrance Ermitaño, U.S. Navy, Naval Station, San Diego, Califronia, (sic), on active duty, did on or about 27 April 1981, and with intent to remain away permanently, absent himself from his unit, to wit: Naval Station, San Diego, California and has ever since remained so absent in desertion.
The specification was later amended to reflect the rate of “Seaman Recruit” and branch of the Service as “U.S. Naval Reserve”. The last phrase was amended to read “and has remained so absent in desertion until on or about 10 July 1984”. The officer exercising summary court-martial jurisdiction received the charge and specification on the same date that it was preferred. Nearly three years later, the accused returned to military control and was brought to trial for his alleged offense. At his trial on the 7th of August 1984, the accused moved to dismiss the charge and specification on the ground that the specification did not allege the words, “without authority”. The military judge granted the motion and the Government now appeals.
ISSUE PRESENTED
DOES ALLEGING THAT THE ACCUSED WAS ABSENT IN DESERTION FAIL TO STATE AN OFFENSE MERELY BECAUSE THE GOVERNMENT FAILED TO ALLEGE THAT THE ACCUSED’S DESERTION WAS WITHOUT AUTHORITY?
The Petitioner argues that the words in the specification “absent in desertion” necessarily imply that the absence was without authority, while Respondent argues to the contrary.
In ruling on this appeal under Article 62 UCMJ, the Court may act only with respect to matters of law, notwithstanding Article 66(c), UCMJ, 10 U.S.C. § 866(c).
It is also noted as a preliminary matter that trial defense counsel objected to the Government’s commencement of this appeal under the authority of the 1984 Manual. The basis for the objection is that the alleged offense occurred, and the charge was referred, under the 1969 Manual. This objection may be summarily disposed of in favor of the Petitioner. Executive Order 12473, MCM, 1984, provides that the 1984 Manual will be in effect on August 1, 1984, as to all court-martial proceedings commenced on and after that date, with certain specified exceptions that are inapplicable to this case. With respect to R.C.M. 908, in particular, the Order provides that it shall not apply to any case in which findings and sentence were adjudged by a court-martial before August 1, 1984. In the instant case, however, the accused was not arraigned until August 7, 1984, and, moreover, the dismissal of the charge and specification by the military judge did not amount to a finding of not guilty. Accordingly, trial defense counsel’s objection to the taking of the Government’s appeal is not well founded.
In respect to the merits of the appeal, the Court also finds in favor of the *482 Petitioner that the specification in question is legally sufficient to allege the offense of desertion. The standard for legal sufficiency was clearly set forth in United States v. Sell, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953):
“The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead former acquittal or conviction.
We are satisfied beyond question that the specification adequately apprises the accused of what he must be prepared to meet and protects him from double jeopardy. The requirement that the specification contain each essential element of the offense of desertion, either expressly or by necessary implication, however, demands further scrutiny and analysis.
In defining the elements of desertion, the 1984 Manual specifies the following:
“(a) That the accused absented himself or herself from his or her unit ...;
(b) That such absence was without authority;
(c) That the accused ... intended to remain away ... permanently; and
(d) That the accused remained absent until the date alleged.”
The sample specification provided as a “guide” in paragraph 9(f), Part IV, MCM, 1984, reads, in part, as follows:
“In that_, did ... without authority and with intent to remain away permanently, absent himself ... and did remain so absent in desertion.”
The specification in question before this Court did not expressly allege the essential element that the accused’s absence was without authority as provided for in both the 1969 and 1984 MCM and the sample specifications set forth therein. It is clear, however, that a specification need not aver each element directly, but it must do so at least by necessary implication. United States v. McCollum, 13 M.J. 127, 129 (C.M.A.1982); United States v. Mayo, 12 M.J. 286, 288 (C.M.A.1982); R.C.M. 307(c)(3). Thus, the specification before us is not fatally flawed if the term “in desertion” necessarily implies that the accused’s absence was without authority.
Although the precise issue before us has not been previously decided by the Court of Military Appeals, it was thoroughly discussed in the case of United States v. Lee, 19 M.J. 587 (NMCMR 1984), published virtually contemporaneously with the instant decision. Decided by another panel of this Court, Lee, supra, held that a substantially identical specification containing the phrase, “and did remain so absent in desertion”, when coupled with the phrase, “with intent to remain away permanently”, adequately stated the elements requisite to a charge of desertion. That is, the specification necessarily implies a want of authority for the absence. In reaching this conclusion, with which we concur, the historical antecedents of Article 85, UCMJ were reviewed and it was found that it is substantially the identical offense made punishable under the Articles of War and the Articles of Government of the Navy. Under those codes, “desertion” and “deserts” were terms of art, the mere statement of which necessarily and implicitly included the requirement that the underlying absence be without authority. Thus the term, “desertion” in military law, has been historically and traditionally treated as necessarily embracing an absence without authority.
In arriving at our conclusion, we have also considered the plain meaning of the word, “desertion”, found in standard reference works. Black’s Law Dictionary 401 (5th Ed.1974) defines “desertion” as follows:
The act by which a person abandons and forsakes, without justification or unauthorized, a station or condition of public, social, or family life, renouncing its responsibilities and evading its duties. A *483 willful abandonment of an employment or duty in violation of a legal or moral obligation, (emphasis added).
And, in military law, specifically, Black’s defines “desertion” as:
Any member of the armed forces who— (1) without authority goes or remains absent from his unit, organization, or place of duty with intent to remain away therefrom permanently, (emphasis added)
Burton’s Legal Thesaurus includes “absence without leave”, “AWOL”, and “unlawful departure” amongst the synonyms for “desertion”. William C. Burton, Legal Thesaurus, 154 (Macmillan, N.Y., 1980). And, finally, definition lc in Webster’s dictionary defines “desertion” as:
The intentional and substantial abandonment permanently or for a period of time stated by law without legal excuse and without consent of one’s duties arising out of a status. Webster’s Third New International Dictionary, unabridged, 610 (G. & C. Merriman Co., Springfield, MA, 1971)
For all of the foregoing reasons this Court finds that the element of absence without authority was necessarily implied in the specification before us. Accordingly, the Government’s appeal is upheld and the military judge is reversed. The charge and specification are ordered reinstated and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.
Senior Judge GLADIS and Judge CAS-SEL concur.