UNITED STATES, Appellee,

v.

Sergeant First Class Clifton N. BROWN, 524–68–9132, United States Army, Appellant.

CM 447297.

U.S. Army Court of Military Review.

21 March 1986.

For Appellant: Major Stephen R. Dooley, JAGC, Major Jerry W. Peace, JAGC, Captain Clayton A. Aarons, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC (on brief).

Before RABY, CARMICHAEL and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Pursuant to his pleas before a military judge sitting as a general court-martial, appellant was convicted of assault and battery on a child under 16 years of age, and false swearing in violation of Articles 128 and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 928 and 934 (1982), respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for two years, and reduction to Private E–1. The convening authority approved the sentence.

Appellant contends that the military judge erred by failing to dismiss Charge I and its Specification (assault and battery upon a child under 16) [hereinafter referred to as the amended charge] [1] because the amended charge constituted a major modification of the original charge [2] (indecent assault upon a child under 16), requiring preferral anew and resswearing. More specifically, appellant asserts that a major change resulted because the amended charge was a "new charge" and raised a substantial question as to the applicable statute of limitations. We find these assertions to be without merit.

The staff judge advocate recommended in his pretrial advice that the convening authority refer the amended charge to trial in lieu of the original charge, since the statute of limitations had expired as to the latter [3] but had not as to the lesser included amended charge. [1] The convening authority approved the recommendation of the staff judge advocate. Thereafter, and prior to trial, the original charge sheet was changed by deleting the original charge and substituting the amended charge by attached overflap.

Article 34, UCMJ, 10 U.S.C. § 834 (1982), in addition to requiring that the staff judge advocate prepare a pretrial advice before any charge may be directed to trial by general court-martial, provides authority to correct charges and specifications which are not formally correct or make changes necessary to conform them to the evi-

---

1. Charge I. Violation of the UCMJ, Article 128. Specification: In that Sergeant First Class Clifton N. Brown, U.S. Army, Headquarters and A Company, 704th Maintenance Battalion, 4th Infantry Division (Mechanized) Support Command, Fort Carson, Colorado, did at Fort Bragg, North Carolina, an installation under military control, on or about 13 February 1982, unlawfully touch L.T., also known as L.G., a child under 16 years, by fondling her and inserting his finger into her vagina.

2. Charge: Violation of the UCMJ, Article 134. Specification: In that Sergeant First Class Clifton N. Brown, U.S. Army, Headquarters and A Company, 704th Maintenance Battalion, 4th Infantry Division (Mechanized) Support Command, Fort Carson, Colorado, did, at Fort Bragg, North Carolina, an installation under military control, sometime during the month of February, 1982, commit an indecent act upon the body of L.T., also known as L.G., a female under 16 years of age, not the wife of the said Sergeant First Class Clifton N. Brown, by fondling her and inserting his finger into her vagina with the intent to arouse the lust and sexual desires of the said Sergeant First Class Clifton N. Brown.

3. A two year statute of limitations applies to violations of Article 134, UCMJ, 10 U.S.C. § 934 (1982). Article 43(c), UCMJ, 10 U.S.C. § 843(c) (1982).

4. A three year statute of limitations is applicable to violations of Article 128, UCMJ, 10 U.S.C. § 928 (1982). Article 43(b), UCMJ, 10 U.S.C. § 843(b) (1982). Here the statute of limitations was tolled on 26 October 1984, approximately two and one-half months before it otherwise would have expired.

dence.[5] Significantly, Congress contemplated that Article 34, among other things, would provide authority to make changes in charges and specifications "without requiring that the new charge be drawn and sworn to." Uniform Code of Military Justice: Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st Sess. [hereinafter referred to as Hearings] 1006 (1949). Case law is true to legislative intent on this point. *United States v. Lee*, 19 M.J. 587, 594 (N.M.C.M.R.1984) (when an original charge has been properly sworn, "a lesser offense conformed by amendment is necessarily also a sworn charge"). Moreover, Rule for Courts-Martial 603[6] allows changes to charges and specifications if the changed charge or specification does not result "(1) *in a different offense* or in the allegation of an additional or more serious offense, (2) *in raising a substantial question as to the statute of limitations,* or (3) in misleading the accused." *United States v. Arbic*, 36 C.M.R. 448, 450 (C.M.A.1966) (emphasis added).

■ Initially, we conclude that the amended charge is neither more serious than the original, nor is it misleading. Appellant concedes these matters, and we concur in his assessment. In particular, the amended charge is a lesser included offense of the original, *United States v. Thacker*, 37 C.M.R. 28, 32 (C.M.A.1966) (assault and battery is a lesser included offense of indecent assault). As such, it cannot be more serious than the greater offense. *United States v. Arbic*, 36 C.M.R. at 451. *Cf. Morris v. Mathews*, —— U.S. ——, ——, 106 S.Ct. 1032, 1037, 89 L.Ed.2d 187 (1986) (conviction of greater offense necessarily results in conviction of lesser offense). Likewise, the amended charge cannot reasonably be considered an additional charge. *United States v. Lee*, 19 M.J. at 594. Finally, since the amended charge is the lesser of the original, since the amendment did not modify in any manner the time averment contained in the original charge to the detriment of appellant,[7] and since the record of trial is devoid of any evidence of prejudice, we are confident that the appellant was neither subjected to a new charge nor was he misled. *United States v. Brown*, 16 C.M.R. 257, 262 (C.M.A.1954).

■ Further, we conclude that the amendment undertaken in the instant circumstances occasioned no fair question as to the applicable statute of limitations. Receipt of the original charge by the officer exercising summary court-martial jurisdiction in the command tolled the statute of limitations as to the original charge and any lesser offense therein. Article 43(c),

---

5. Article 34, UCMJ, 10 U.S.C. § 834 (1982), pertinently provides in part:

 (c) If the charges and specifications are not formally correct or do not conform to the substance of the evidence contained in the report of the investigating officer, formal corrections, and such changes in the charges and specifications as are needed to make them conform to the evidence, may be made.

6. Rule for Courts-Martial 603 pertinently provides:

 (a) *Minor changes defined.* Minor changes in charges and specifications are any except those which add a party, offense, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged.

 (b) *Minor changes before arraignment.* Any person forwarding, acting upon, or prosecuting charges on behalf of the United States ... may make minor changes to charges or specifications before arraignment.

. . . . .

 (d) *Major changes.* Changes or amendments to charges and specifications other than minor changes may not be made over the objection of the accused unless the charge or specification is preferred anew.

7. Time would be of the essence of the crime in a prosecution for violation of a Sunday "blue law" or potentially in a prosecution for statutory rape. United States v. Brown, 16 CMR at 261. While the specification of the amended charge did contain a modification of the averred time period, this modification actually reduced the time period from "sometime during the month of February, 1982" to "on or about 13 February 1982." Thus, the time modification could in no way prejudice the accused. If the victim was under age 16 during the time period of the specification of the original charge, she would also be under age 16 during the time alleged in the specification of the amended charge.

UCMJ, 10 U.S.C. § 843(c) (1982); *cf. United States v. Lee,* 19 M.J. at 594. Further, the fact that the original charge was amended on the face of the original charge sheet, rather than on a new charge sheet, precluded any doubt which may have arisen as to the date the statute was tolled if there had been repreferral at a later time. *United States v. Arsneault,* 6 M.J. 182, 183 (C.M.A.1979), *citing United States v. Rogers,* 24 C.M.R. 36, 40–41 (C.M.A.1957) (correction of charges and specifications by preparing a new charge sheet after the statute of limitations has been tolled in lieu of minor amendments on the face of an original charge sheet is impermissible because doing so may create an issue as to when the statute of limitations was tolled). *But see United States v. Whitt,* 21 M.J. 658, 661 (A.C.M.R.1985) to the extent that it holds that backdating the commission date of an offense on the face of an original charge sheet raises a substantial question as to the governing statute of limitations when the change causes the offense to be subject to being barred from prosecution thereunder.

 We are also persuaded, despite appellant's implied urgings to the contrary, that statutes of limitation attaching to lesser included offenses can exceed those controlling the disposition of greater offenses.[8] Article 43, UCMJ, 10 U.S.C. § 843 (1982), assigns time periods to bar prosecution of an offense on the basis of the offense charged alone. The legislative history pertinent to this issue, although scant, is nonetheless unequivocal.[9] Since only the amended charge, alleging a violation of Article 128, was referred to trial, we find that

**8.** For instance, Articles 121 and 128, UCMJ, 10 U.S.C. §§ 921 and 928 (1982), respectively, both lesser included offenses of Article 134, UCMJ, 10 U.S.C. § 934 (1982), have statutes of limitation which exceed the statute applicable to Article 134—three versus two years. *See* Article 43(b) and (c), UCMJ, 10 U.S.C. § 843(b) and (c) (1982); Manual for Courts-Martial, United States, 1984, part IV, para. 60.

**9.** Specifically,
Mr. Larkin. Yes, but you said by general court-martial only. The statute covers offenses not connected with the type of court.

a three-year limiting statute governed. Article 43(b), UCMJ, 10 U.S.C. § 843(b) (1982).

Accordingly, the modification of the original charge constituted a proper minor change, and preferral anew and reswearing which would have been required incident to a "major" change was not required.

The findings of guilty and the sentence are affirmed.

Senior Judge RABY and Judge CARMICHAEL concur.

Mr. Rivers. I mean, for anything the subject of a summary or special court the statute runs against that?
Mr. Larkin. No sir. *The statute is tied to the offense,* regardless of where it is tried.
And later,
Mr. Elston. What do you mean by the period of limitation there?
Mr. Larkin. *Depending upon whatever type of offense it is, whether it is 2 years or 3 years.*
Hearings at 1033 and 1043, respectively (emphasis added).