## UNITED STATES

### v.

**Steven D. OSBORNE, 243 45 2675 Private First Class (E–2), U.S. Marine Corps.**

**NMCM 89 3504.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 23 March 1989.

Decided 19 Oct. 1990.

---

LT Thomas E. Miro, JAGC, USNR, Appellate Defense Counsel.

LCDR Donna M. Crisalli, JAGC, USN, Appellate Defense Counsel.

LCDR J. Richard Chema, JAGC, USN, Appellate Government Counsel.

Before BYRNE, C.J., and FREYER and STRICKLAND, JJ.

STRICKLAND, Judge:

In accordance with his pleas, appellant was convicted of an unauthorized absence of nearly a year, terminated by apprehension; two specifications of carnal knowledge of two different thirteen year old girls; sodomy with one of the aforementioned girls; assault consummated by a battery upon a child; communication of a threat; and altering a military identification card, in violation of Articles 86, 120, 125, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 920, 925, 928 and 934, respectively. He was sentenced by a military judge, sitting alone, to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances and reduction to pay grade E–1. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of fifteen months pursuant to the terms of a pretrial agreement.

Appellant has raised the following issues on appeal:

I

THE SPECIFICATIONS UNDER CHARGE IV ALLEGING CARNAL

KNOWLEDGE FAIL TO STATE AN OFFENSE BECAUSE THEY DO NOT ALLEGE THAT THE VICTIM IS NOT THE WIFE OF THE ACCUSED, AN ESSENTIAL ELEMENT OF THE OFFENSE [citations and footnote omitted].

## II

THE SENTENCE TO CONFINEMENT FOR FOUR YEARS AND A DISHONORABLE DISCHARGE IS INAPPROPRIATE IN LIGHT OF THE NATURE OF THE OFFENSES, INCLUDING EXTENUATING CIRCUMSTANCES, APPELLANT'S AGE, HIS POTENTIAL FOR REHABILITATION, AND HIS PRIOR RECORD OF ONLY ONE MINOR NJP [citations omitted].

The specifications alleging carnal knowledge in this case were drafted in consonance with the sample specification contained in the Manual for Courts–Martial, United States, 1984 (MCM, 1984). While one of the elements of carnal knowledge is "that the female was not the accused's wife," paragraph 45b(2)(b), Part IV, MCM, 1984, this language is not included in the sample specification and, therefore, was not included in the specifications in question. Appellant asserts that this omission renders the specifications fatally defective.

■ Simply following a "form specification" from the Manual for Courts–Martial does not insure a legally sufficient pleading. *United States v. Strand,* 6 U.S.C.M.A. 297, 301, 20 C.M.R. 13, 17 (1955). Rather, the Court of Military Appeals in *United States v. Sell,* 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953), held:

> The true test of the sufficiency of an indictment is ... whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*Id.* at 206, 11 C.M.R. at 206. The specification, however, need not allege elements of the offense charged expressly, so long as they are alleged by necessary implication. *United States v. McCollum,* 13 M.J. 127, 129 (C.M.A.1982).

■ In *United States v. Green,* 7 M.J. 966 (ACMR 1979), *pet. denied,* 8 M.J. 176 (C.M.A.1979), the Army Court of Military Review considered the sufficiency of a burglary specification where the words "of another," referring to the dwelling entered by the accused, were omitted. Instead, the "ownership" of the room was alleged to be a military unit, the unit of which the accused was a member. Utilizing the principles enunciated above, the Court held the specification sufficient since the word "break" (which was used in the specification) signified a trespass and negated a rightful entry. Thus, the Court reasoned that all elements of the offense were either directly or by clear implication contained within the specification.

A similar result was reached by this Court in upholding a conviction, pursuant to a plea of guilty, for unauthorized absence. The accused was charged with desertion in violation of Article 85, UCMJ, 10 U.S.C. § 885, but the words "without authority" were omitted from the specification. The specification alleged only an absence and the fact that the accused remained absent in desertion until the date of termination. We found that the term "absent in desertion" necessarily implied that the accused's absence was without authority. *United States v. Lee,* 19 M.J. 587 (NMCMR 1984), *pet. denied,* 20 M.J. 322 (C.M.A.1985). *See also United States v. Ermitano,* 19 M.J. 626 (NMCMR 1984).

In this case, both specifications in question assert that appellant committed carnal knowledge of two named females and that each was under the age of 16 years. The essence of appellant's argument is that the element that neither of the victims was his wife is not expressly alleged nor is it implied from the plain meaning of the words "carnal knowledge." In support of this, appellant cites two dictionaries in which the definition of "carnal knowledge" is merely "sexual intercourse." However, dictionary

definitions vary,[1] so we must turn to the definition of carnal knowledge within the framework of the UCMJ. As with the words "break" and "absent in desertion," the dictionary definitions may have little meaning when used in the context of alleging a criminal offense.

Neither the Articles of War nor the Articles for the Government of the Navy contained a specific article proscribing carnal knowledge. Instead, the offense had been prosecuted under the general article, incorporating the carnal knowledge or statutory rape statute of the District of Columbia or the jurisdiction in which the offense occurred. *See* Hearings before a Subcommittee of the Committee on Armed Forces of the House of Representatives (H.H.), pages 1254–1257. During the hearings to adopt a Uniform Code of Military Justice, the fallacy of prosecuting the offense of carnal knowledge in this manner was recognized. In reference to proscribing carnal knowledge under Article 120, the following colloquy occurred:

Mr. Brooks. It seems to me the best thing to do would be to put in a subsection (c) there.

Mr. Elston. I think you almost have to do it. If you are going to undertake to define a crime you better define it all the way.

Mr. Brooks. Unless there is objection, then, why not ask Mr. Smart and Mr. Larkin to work up a definition for carnal knowledge....

H.H. pages 1257, 1258.

Thereafter, Congress enacted "An act to unify, consolidate, revise, and codify the Articles of War, the Articles for the Government of the Navy, and the disciplinary laws of the Coast Guard, and to enact and establish a Uniform Code of Military Justice," Pub.L. 506, 64 Stat. 107 (1950), and Article 120(b) established the offense of carnal knowledge.[2]

By virtue of this legislation, the President prescribed the Manual for Courts–Martial, United States, 1951 (MCM, 1951), and carnal knowledge was defined therein as "the commission of an act of sexual intercourse under circumstances not amounting to rape, by a person with a female not his wife who has not attained the age of 16 years." Paragraph 199b, MCM, 1951. The identical definition carried forward to Manual for Courts–Martial, United States, 1969 (Rev.). *See* Paragraph 199b, MCM, 1969. Minor, but not substantive, wording changes were made in the latest Manual revision. Paragraph 45c(2), Part IV, MCM, 1984, defines "carnal knowledge" as "sexual intercourse under circumstances not amounting to rape, with a female who is not the accused's wife and who has not attained the age of 16 years."

From this history we see that the words "carnal knowledge" assume a unique definition when used to allege an offense under the UCMJ, in much the same way as the words "break" and "absent in desertion." This definition includes all of the elements of the offense such that the use of the words "carnal knowledge" in this context encompasses this definition and, thus, all of the elements of the offense. We find, therefore, that the element, that neither victim was the wife of appellant, was fairly implied in each specification as drafted. We are satisfied that the specifications properly placed appellant on notice of the matters he had to meet and protected him against double jeopardy. Accordingly, we hold that a specification alleging carnal knowledge, patterned after the sample specification contained in MCM, 1984, states a cause of action and is legally sufficient.

■ Turning to appellant's second assignment of error, we have considered all of the matters presented in extenuation and mitigation. However, considering the

---

1. Compare the definition of "carnal knowledge" from Webster's Third New International Dictionary (1971) as "sexual intercourse," usually used in relationship to "acts involving a female child."

2. Article 120(b)—Any person subject to this code, who under circumstances not amounting to rape, commits an act of sexual intercourse with a female not his wife who has not attained the age of sixteen years, is guilty of carnal knowledge and shall be punished as a court-martial may direct.

serious nature of the offenses of which appellant was convicted, and in particular, the fact that the carnal knowledge offenses were committed with run-away girls that appellant was keeping in his home, and the impact of appellant's conduct on one of the victims, we find the sentence to be appropriate under the circumstances of this case.

The findings and sentence, as approved on review below, are affirmed.

Chief Judge BYRNE * and Judge FREYER concur.